**LYONS–MAGNUS, Inc., v. AMERICAN–HAWAIIAN S. S. CO. et al.**

District Court, S. D. New York.

Oct. 2, 1941.

Bigham, Englar, Jones & Houston and Alfred Ogden, all of New York City, for libellant.

Kirlin, Campbell, Hickox, Keating & McGrann and Gerald J. Doyle, all of New York City, for respondent American-Hawaiian S. S. Co.

Haight, Griffin, Deming & Gardner, of New York City (Arthur O. Louis and Walter T. Hughes, Jr., both of New York City, of counsel), for respondent-impleaded, American Export Lines, Inc.

BRIGHT, District Judge.

The American Hawaiian Steamship Company, sued by the libellant for cargo damage, has filed a petition under the 56th Admiralty Rule, 28 U.S.C.A. following section 723, impleading the American Export Lines, Inc. To that petition, as well as to the libel, the American Export Lines has filed exceptions by which it seeks dismissal of both petition and libel, upon the ground that both were filed more than one year after the delivery by it of the cargo claimed to have been damaged, the one year limitatior being provided for both in the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303

(6), and by the terms of a local bill of lading issued by the American Export Lines covering the carriage of the cargo from Leghorn, Italy, to New York.

On May 19, 1938, American Hawaiian entered into an agreement with a number of carriers, among which was the American Export Lines, with reference to the transportation of cargo, under through bills of lading, from the west coast of Italy and Sicilian ports of the originating carrier, to the United States Pacific Coast ports of the delivering carrier, with transshipment at New York. It was there provided that the originating carrier would transport the cargo to New York, and the delivering carrier would transport it to port of destination; that through rates named by both originating and delivering carriers would be divided one-half to each; that the cargo would move under a local bill of lading from port of origin to New York, issued by the originating carrier, which would name the foreign representative of the delivering carrier as shipper, and the delivering carrier as consignee, and upon receipt of the local bill of lading, the foreign representative would issue a through bill of lading from port of origin to ultimate destination to the actual shipper.

Pursuant to this agreement, American Export Lines undertook to carry by its Steamship Exeter fifty-one cases of citron peel in brine from Leghorn to San Francisco, its local bill of lading being issued to the agent of American Hawaiian on November 27, 1939, and thereupon, said agent on the same day issued a through bill of lading from Leghorn to San Francisco. By the allegations of the impleading petition, which must be accepted as true, the Steamship Exeter delivered the fifty-one casks at New York between December 18, 1939, and January 9, 1940, but not in the good order and condition as when shipped. Exceptions thereto were duly taken and noted on behalf of American Hawaiian at New York. These casks were ultimately delivered by American Hawaiian at San Francisco in the same condition and order as when received by it in New York.

On January 18, 1941, more than one year after delivery by American Export in New York, libellant, the owner of the cargo and of the through bill of lading, filed its libel against American Hawaiian, for $1,000, alleging cargo damage. American Hawaiian, on July 31, 1941, answered, and at the same time, filed its petition under

the 56th Admiralty Rule. Thus, both libel and the petition impleading the American Export Lines were filed more than one year after the delivery at New York; and if this motion is ruled by the Carriage of Goods by Sea Act limitation, the exceptions should be sustained.

From the papers submitted, it would seem that the libellant must recover from the American Hawaiian for cargo damage caused while the cargo was in the possession of American Export. This situation would seem to call for a remedy by American Hawaiian against American Export. Liability of American Hawaiian, however, was not asserted by libellant until more than one year after American Export had delivered, and, therefore, American Hawaiian, if the limitation in the Carriage of Goods by Sea Act applies, was remediless against the carrier which caused the damage. I do not think that either statutory or bill of lading limitation applies here.

It seems to be conceded that American Hawaiian does not and could not, under the facts disclosed, sue the American Export for cargo damage.

The Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq., as I read it, was designed to regulate the rights and liabilities between carriers and cargo interests. Knauth, The American Law of Ocean Bills of Lading, 1941 Ed., pp. 99–111. And see The Delaware, 161 U.S. 459, 471, 16 S.Ct. 516, 40 L.Ed. 771. It does not, in my opinion, prevent, regulate or provide for a suit by American Hawaiian to recover over against American Export which caused the cargo damage. Consequently, if there is no remedy under that Act as between the two carriers, I cannot conceive how any limitation under that Act would be a bar to the assertion of whatever claim American Hawaiian may have against American Export. It cannot limit remedies to enforce rights it does not confer.

The claim asserted in the impleading petition is by way of indemnity, seeking a recovery over in the event of its unsuccessful defense of the libellant's suit. Powhatan Steamboat Co. v. Appomattox Railroad Co., 24 How. 247, 65 U.S. 247–254, 16 L.Ed. 682; Toxaway Tanning Co. v. Sulzberger & Sons Co., 2 Cir., 242 F. 888–891, certiorari denied 245 U.S. 657, 38 S.Ct. 13, 62 L.Ed. 534; Bethlehem Shipbuilding Corporation v. Joseph Gutradt Co., 9 Cir., 10 F.2d 769–771; New Amsterdam Casualty Co. v. Boaz-Kiel Co., 8 Cir., 115 F.2d 950,

951; Restatement of the Law of Restitution, § 76, page 331.

If I am right in this, the time within which suit over may be brought has not yet expired. Hidalgo Steel Co. v. Moore & McCormack Co., 2 Cir., 298 F. 331, 334; Federal Reserve Bank v. Atlanta Trust Co., 4 Cir., 91 F.2d 283–286, 117 A.L.R. 1160.

I do not think the cases of Tice Towing Line v. James McWilliams Blue Line, 2 Cir., 57 F.2d 183; United States v. Martinez, 195 U.S. 469, 25 S.Ct. 80, 49 L.Ed. 282; Mellon v. Arkansas Land & Lumber Co., 275 U.S. 460, 48 S.Ct. 150, 72 L.Ed. 372, or The Eumaneus, 1932 A.M.C. 1073, cited by exceptant, are in point.

The libel does not assert any claim against American Export. There is no reason, therefore, why it should be dismissed.

Accordingly the exceptions are overruled.