**ST. PAUL FIRE & MARINE INSURANCE CO., Defendant and Third Party Plaintiff-Appellant,**

v.

**UNITED STATES LINES COMPANY, Third Party Defendant-Appellee.**

No. 326, Docket 24982.

United States Court of Appeals Second Circuit.

Argued May 5, 1958.

Decided Aug. 27, 1958.

Daniel A. Sullivan, New York City (Bigham, Englar, Jones & Houston, New York City, on the brief), for defendant and third-party plaintiff-appellant.

Michael F. Whalen, New York City (James McGarry, Kirlin, Campbell & Keating, New York City, on the brief), for third-party defendant-appellee.

Before WATERMAN and MOORE, Circuit Judges, and GALSTON, District Judge.

MOORE, Circuit Judge.

On October 31, 1956 M. V. M. Inc., a New York corporation, filed suit in the Southern District of New York against

the St. Paul Fire and Marine Insurance Co. (referred to as the "Insurance Company"), a Minnesota corporation, alleging: (1) that M. V. M. Co., the predecessor in interest of M. V. M. Inc., had insured under an All Risk Marine and Inland Open Policy issued by the defendant Insurance Company five shipments of radio-phonographs from Hamburg, Germany to New York, N. Y., the shipments originating in October and November 1955, final delivery being made in December 1955; (2) that the goods were delivered to the carrier United States Lines Co. (referred to as "USL"), at Hamburg, in good condition; (3) that the goods were received in New York in a broken and damaged condition due to external causes; and (4) that a loss of $173,639.87 was sustained.

On the same day on which the complaint was filed, the defendant Insurance Company obtained an ex parte order to file and serve a third-party complaint against USL pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. This third-party complaint was filed the next day, November 1, 1956, and alleged that four of the five shipments were transported aboard vessels owned and operated by USL and that "if the plaintiff recovers against the defendant for the damage to the merchandise, the third-party defendant will be liable over to the defendant who will have been subrogated to the plaintiff's rights against the third-party defendant." The answer of USL, the third-party defendant, pleaded among other affirmative defenses the one year time-for-suit limitation contained in each bill of lading as well as the one year time bar contained in the Carriage of Goods by Sea Act, 46 U.S.C.A. section 1303(6).

On July 31, 1957 USL made a motion to dismiss the third-party complaint on the ground that because the Insurance Company had not as yet been subrogated to the original plaintiff's rights against USL and because the original plaintiff had not sued USL within the one year time limitation, the third-party complaint was time-barred.

Treating the motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure the district court granted the motion and dismissed the third-party complaint. From the judgment entered thereon the Insurance Company appeals.

USL concedes that the third-party complaint was filed "within the one year time for suit" period (USL Br., p. 16) but argues that until the Insurance Company had paid the loss or at the very least suffered judgment on the original complaint it had not been damaged and, therefore, possessed no right of subrogation at that time. USL concludes that the filing of a third-party complaint under Rule 14(a) prior to obtaining subrogation rights could not stop the statute of limitations from running until the act of subrogation occurred by actual payment of the claim or judgment. To hold otherwise, USL asserts, would convert Rule 14(a), a procedural remedy, into an instrument for abridging substantive rights.

USL's argument that if the running of the statute of limitations is stopped by filing a third-party claim under Rule 14(a), its substantive rights will be vitiated is unconvincing. Viewed from USL's standpoint of safeguarding its substantive rights, it can make no difference whether the consignee or the insurance company files the claim against it. In either case it has equally timely notice of the loss and the claim asserted. In either case once the fact of loss has been established, its burden of proof will be exactly the same. See 46 U.S.C.A. section 1304(2) (q).

The Rule expressly provides that a third-party summons and complaint may be served "Upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The very purpose of the Rule is to eliminate the necessity of independent actions against persons who "may be liable" where liability may be determined upon the facts common to, or arising out of, the same transaction. The federal and New York state court

decisions hold that third-party impleader practice encompasses subrogation claims. Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., 4 Cir., 1952, 199 F.2d 60; Concordia College Corp. v. Great American Ins. Co., D.C.D.Minn.1953, 14 F.R.D. 403; Madison Avenue Properties Corp. v. Royal Insurance Co., 281 App.Div. 641, 120 N.Y.S.2d 626.

USL bases its argument upon the grounds that until the Insurance Company has been held liable the Insurance Company has not been damaged and possesses no right of subrogation. The court below argued that subrogation would not occur until the loss had been paid and that the Insurance Company, therefore, had no right of subrogation at the time it served its third-party complaint. The court also held that because the plaintiff had not sued USL within one year USL was relieved of liability by reason of the statute of limitations.

These grounds are irrelevant. Rule 14 was designed to permit third-party defendants to be brought into the action so that the rights of the original defendant and the third-party defendant could be established in the same trial. To hold that the plaintiff must proceed against the Insurance Company and that the Insurance Company can take no steps to sue USL until liability has been determined and the judgment paid would make of Rule 14 a nullity. Even less tenable is the argument that the statute of limitations, which would apply to a suit betweeen plaintiff and USL, should bar a suit based on liability over against USL.

The effect of Rule 14 is clearly illustrated in 3 Moore's Federal Practice ¶14.08 where he points out the difference betweeen indemnity against liability and indemnity against loss saying:

"Now assume that E. F. has agreed to indemnify C. D. against loss. Clearly E. F. is not liable in an independent action on this indemnity agreement until C. D. has suffered loss, and C. D. has suffered no loss merely because of the commencement of the action by A. B. Were it not for the italicized words *supra,* ["who is *or may be* liable"], C. D. could not implead E. F. By virtue of them C. D. is enabled to implead E. F., but the substantive status of E. F. will not be affected. The time when C. D.'s claim is presented against him is accelerated. But although a judgment may be obtained on the third-party claim, C. D. could not execute thereon until he had discharged A. B.'s judgment against him, in whole or in part, so that he brings himself within his indemnity-against-loss-agreement with E. F."

USL is not prejudiced in any way by this result because it is privileged to plead any and all defenses, substantive and procedural, it may have. The words "may be liable" could only have been inserted to enable all issues in cases similar to this to be disposed of in a single trial. There is sound reason behind such procedure.

Reversed.