**C. TENNANT SONS & COMPANY**

v.

**NORDDEUTSCHER LLOYD and the S/S KASSEL, her engines, tackle, apparel, furniture, etc., and John I. Hay Company, and the BARGE JIHCO-308.**

No. 5637.

United States District Court
E. D. Louisiana.

Aug. 9, 1963.

Thomas W. Thorne, Jr., New Orleans, La., for libelant.

James G. Burke, Jr., New Orleans, La., for respondent.

FRANK B. ELLIS, District Judge.

Libelant contracted with respondents Norddeutscher Lloyd and the S/S KASSEL for the carriage of goods from London to, as indicated on the bill of lading, "direct overside discharge and stowage into barge in New Orleans." The vessel departed London on January 17, 1962 and arrived in the port of New Orleans on February 2, 1962. The cargo was discharged onto the Barge JIHCO # 308 for transportation upriver. The JIHCO # 308 arrived in Chicago on March 6, 1962, and delivered the goods (steel pipe) in a damaged condition.

Libelant initiated this proceeding on February 20, 1963, for the recovery of $1,005.12, the estimated value of the damage sustained. Respondent Norddeutscher Lloyd moves this court to dismiss the libel as to itself and the S/S

KASSEL, in that the action is time-barred by the limitation provision in § 3(6) of the Carriage of Goods by Sea Act, 46 U.S.C. § 1303(6), the pertinent language of which reads as follows:

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered. * * *."

Respondent Norddeutscher Lloyd further asserts that "The term 'carriage of goods' covers the period from the time when the goods are loaded on to the time when they are discharged from the ship," citing C.O.G.S.A., § 1(e), 46 U.S.C. § 1301(e), and further fortifies its argument by quoting from Clause 4 of the bill of lading:

" * * * When the goods are discharged from the vessel, they shall be at their own risk and expense; such discharge shall constitute complete delivery and performance under this contract and the carrier shall be free from any further responsibility. * * *"

In conclusion respondent Norddeutscher Lloyd states that inasmuch as the S/S KASSEL arrived in New Orleans on February 2, 1962, and discharged the cargo of steel pipe either on February 2nd or 3rd, then the libel filed on February 20, 1963, is time-barred.

Libelant opposes the motion on grounds that § 3(6) of C.O.G.S.A., 46 U.S.C. § 1303(6), contemplates that the limitation period shall commence upon "delivery of the goods," and that discharge of the cargo in New Orleans into the JIHCO # 308 was not "delivery." "Delivery", libelant further contends, occurred on March 6, 1962, in Chicago, Illinois. Libelant concludes that the libel is not time-barred and that the motion to dismiss should be denied.

The issue then presents a problem of interpretation of what appears to be a conflict in C.O.G.S.A. and compels a query into when the limitation period in § 3(6) begins to run. Thus stated the Court is presented with a question of law, not of fact, and therefore the matter is properly a subject of summary adjudication under Admiralty Rule 58, 28 U.S.C.

The Court is of the opinion that the intent of § 3(6) of C.O.G.S.A. contemplates the beginning of the limitation period to commence when the cargo leaves the ship's slings, whether it be by complete transfer of the possession and control of the goods to the consignee, or, as in the instant case, by constructive delivery to the consignee's duly authorized agent.

Section 2 of the Act, 46 U.S.C. § 1302, sets forth the duties, rights, responsibilities and liabilities of the carrier and lists the chronological coverage of the Act, i. e. the " * * * loading, handling, stowage, carriage, custody, care, and discharge of such goods * * *." Inasmuch as the duties, rights, responsibilities and liabilities of the carrier terminate upon the discharge of such goods it stands to reason that the limitation period set forth in § 3(6) commences at that period of time.

*A fortiori* when considered in the light of § 1(e), 46 U.S.C. § 1301(e) supra, which grants coverage until "the goods * * * are discharged from the ship." Since "[t]he carriage of Goods by Sea Act does not apply of its own force to cargo after it has left the ship's tackle," *Federal Insurance Company v. American Export Lines,* S.D.N.Y.1953, 113 F.Supp. 540, 542, it seems reasonable to hold that delivery into the compartments of the JIHCO # 308, while not an actual delivery to libelant, was a constructive delivery sufficient to initiate the running of the limitation period.

Therefore, on motion of Proctors for respondents it will be ordered that the libel as against Norddeutscher Lloyd and the S/S KASSEL be dismissed, each party to bear its own costs.

It will be further ordered that this opinion be adopted as this Court's Findings of Fact and Conclusions of Law pursuant to Admiralty Rule 46½, 28 U.S.C.

Decree accordingly.