**WEINSTOCK HERMANOS AND CIA LTDA.**

v.

**AMERICAN ANILINE AND EXTRACT COMPANY, Inc.**

v.

**GRACE LINE, INC.**

**Civ. A. No. 37360.**

United States District Court
E. D. Pennsylvania.

Dec. 26, 1967.

Milton S. Lazaroff, Egnal & Simons, Philadelphia, Pa., for plaintiff.

James F. Young, Krusen, Evans & Byrne, Philadelphia, Pa., for third-party defendant.

OPINION

LUONGO, District Judge.

Before the court is the motion of Grace Line, Inc., third-party defendant, for judgment on the pleadings or, alternatively, for summary judgment, on the ground that the third-party action against it is barred by the applicable statute of limitations.

The third-party complaint arose out of these circumstances: Plaintiff, Weinstock Hermanos and Cia Ltda. (Hermanos), purchased five drums of a chemical substance from defendant-third-party plaintiff, American Aniline and Extract Company, Inc. (Aniline). The

goods were shipped f. o. b. Philadelphia aboard a vessel owned and operated by third-party defendant, Grace Line, Inc., which issued its negotiable bill of lading. The goods were consigned to Hermanos at the port of Buenaventura, Columbia and were discharged at that port from Grace Line's vessel on or about June 18, 1963. The goods were not inspected by Hermanos until seven months later, January 1964, when a drum of the chemical was first opened and Hermanos discovered that the chemical had turned from a liquid to a jelly state which rendered the chemical unfit for its intended use. Claiming the condition was caused by Aniline's failure to use sufficient inhibitor in the manufacture of the chemical, Hermanos instituted suit against Aniline for breach of implied and express warranties. The suit was instituted approximately a year and a half after delivery of the goods. On May 26, 1965, almost two years after delivery of the goods, Aniline filed this third-party complaint against Grace Line seeking indemnification or contribution in the event that, at the trial of the suit against it, the evidence should disclose that the defective condition was caused by Grace Line's negligence or improper handling while the goods were in transit. As above noted, Grace Line pleads that the claim against it is time barred.

The shipment in question is within the coverage of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq. (Act), which governs suits between cargo interests and carriers. Lyons-Magnus, Inc. v. American Hawaiian S.S. Co., 41 F.Supp. 575 (S.D.N.Y.1941). Section 3(6) of the Act, 46 U.S.C. § 1303(6) provides, in part:

> " * * * the carrier and the ship shall be discharged from all liability in respect of loss or damage *unless suit is brought within one year after delivery of the goods * * *.*" (Emphasis supplied.)

This clause has been held to extinguish the cause of action, not merely the remedy, M.V.M. Inc. v. St. Paul Fire and Marine Insurance Co., 156 F.Supp. 879 (S.D.N.Y.1957), rev. on other grounds sub nom., St. Paul Fire & Marine Ins. Co. v. United States Lines Co., 258 F.2d 374 (2d Cir. 1958), cert. denied, 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574 (1959), and the time limitation has been strictly applied, C. Tennant Sons & Co. v. Norddeutscher Lloyd, 220 F. Supp. 448 (E.D.La.1963).

However denominated, Aniline's third-party action against Grace Line is a suit against the carrier for damage to the goods while in transit, and it was instituted well beyond the time permitted by the Act. In an effort to avoid the clear and precise time limitation of § 3(6), Aniline argues that it is here asserting a claim for indemnification and, therefore, the time limitation should not run against it until it has suffered the loss, either by entry of judgment against it or by payment, in Hermanos' suit against it. The cases cited by Aniline [Lyons-Magnus, Inc. v. American Hawaiian S.S. Co., supra, and States Steamship Co. v. American Smelting & Refining Co., 339 F.2d 66 (9th Cir. 1964)] afford no support for that argument. *Lyons-Magnus* was a suit by one *carrier* against another *carrier* and it was held that since the Act was applicable only to suits between *cargo interests* and *carriers*, its period of limitation did not govern a suit *between carriers*. *States Steamship* held that suit for reimbursement of amounts paid by a cargo owner under a general average agreement to a salvor to prevent loss of vessel and cargo was not a suit for loss or damage to cargo and was not within the coverage of the Act and, therefore, not subject to its limitation period.

Whether a claim against a carrier for loss or damage to goods in transit is asserted directly or by way of a claim for indemnification is immaterial, for the limitation period of the Act begins to run, in any event, when the goods are delivered. It is that precise starting point for the filing of suits against the carrier which makes inapplicable to this

case the principle that a limitation period begins to run, on indemnity claims, when the indemnitee has suffered loss. That principle applies to cases in which suit is required to be instituted within a certain period after the "claim accrues" to the indemnitee, as in Chicago Rock Island and Pacific Ry. Co. v. United States, 220 F.2d 939 (7th Cir. 1955) (involving suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., subject to time limitation for suits against United States contained in 28 U.S.C. § 2401(b)), or the indemnitee's "cause of action arises", as in Hidick v. Orion Shipping and Trading Co., 157 F.Supp. 477 (S.D.N.Y.1957) (involving limitation period in § 5, Suits in Admiralty Act, 46 U.S.C. § 745).

The third-party proceeding against Grace Line, Inc., is barred by § 3(6) of the Carriage of Goods by Sea Act, 46 U.S.C. § 1303(6) and third-party defendant's motion for judgment will be granted.