**ROCK TRANSPORT PROPERTIES COR-PORATION, New York Trap Rock Corporation and Mellon National Bank and Trust Company, Plaintiffs,**

v.

**The HARTFORD FIRE INSURANCE COMPANY, Defendant.**

**No. 67 Civ. 1169.**

United States District Court
S. D. New York.

May 9, 1968.

Thatcher, Proffitt, Prizer, Crawley & Wood, New York City, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, for defendant.

CANNELLA, District Judge.

Motion pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, for

leave to serve summons and third party complaint, is granted.

Jurisdiction obtains by virtue of 28 U.S.C. § 1332.

The plaintiffs claim damage to eleven "scows" and sue their insurer under a policy of marine insurance. Defendant Hartford Fire Insurance Company (Hartford) while denying responsibility, asserts that Gotham Sand and Stone Company (Gotham) would be liable to Hartford for any amount plaintiffs might recover in the original action. In consequence of which Hartford rightly requests leave to serve a summons and complaint upon Gotham.[1]

Plaintiffs oppose this motion on two grounds: (1) Gotham has had no corporate existence separate from the plaintiff since 1962; (2) Gotham is an insured pursuant to the terms of the policy.

■ Turning to the second contention first, the plaintiffs argue contrary to the assertions of the defendant, that under the terms of the policy Gotham would be insured as "any subsidiary, affiliated or interrelated company". Clearly, defendant's application for leave to serve a summons and third party complaint should be granted where, as in this case, "liability may be determined upon the facts common to, or arising out of, the same transaction."[2]

■■ The central question to be resolved involves interpretation of the insurance policy in light of the events and status of the parties. Rule 14[3] is intended to be employed, in the discretion of the court, as a means of streamlining rather than increasing the number of court appearances of all litigants in-

volved in a dispute. The request before this court is eminently in concert with that goal. Gotham fits into the category of one who "is or may be liable to [Hartford] for all or part of the plaintiff's claim. * * * "[4]

Turning to the plaintiffs' other objection, there is no dispute on the question of Gotham's corporate existence prior to February 28, 1962. On that magical date, however, plaintiffs assert, merely by way of affidavit of the Secretary of New York Trap Rock Corporation (Trap Rock), that the corporate existence of Gotham ceased by virtue of its sale of assets and liabilities to Trap Rock. Except for the legal conclusion put forward by the affiant, no documentation is tendered. Despite this anemic presentation, plaintiffs contend they have established that Gotham cannot be "a person not a party to the action."[5]

■ The court is mindful of the guidelines to be applied in exercising its discretion,

"to avoid circuity of action and to settle related matters in one litigation as far as practicable."[6]

This court does not pass on the legal status of the proposed third party defendant Gotham. However, it is mindful that mere conclusory allegations are insufficient to terminate corporate status. The issue of corporate status may arise after service has been effected if, indeed, service is effected. Ample protection is provided by Rule 12 of the Federal Rules of Civil Procedure to insure effective resolve of such questions.

Defendant's motion is granted.

So ordered.

1. Fed.R.Civ.P. 14(a).

2. St. Paul Fire & Marine Insurance Co. v. United States Lines Company, 258 F. 2d 374 (2 Cir. 1958).

3. Fed.R.Civ.P. 14.

4. Fed.R.Civ.P. 14(a).

5. Ibid.

6. 3 Moore's Federal Practice § 14.05(1) (2d ed.1967).