**GRACE LINES, INC., Appellant,**

v.

**CENTRAL GULF STEAMSHIP COR-
PORATION, Appellee.**

**No. 23938.**

United States Court of Appeals
Fifth Circuit.

Sept. 19, 1969.

Rehearing Denied and Rehearing En
Banc Denied Jan. 20, 1970.

Richard H. Sommer, New York City, John Poitevent, New Orleans, La., for appellant; Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., and Kirlin, Campbell & Keating, New York City, of counsel.

John R. Peters, Jr., William S. Stone, New Orleans, La., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

FISHER, District Judge:

Appellant Grace Lines, Inc. appeals from a judgment granting appellee Central Gulf Steamship Corporation indemnity for the breach of a time charter contract.

Grace Lines, Inc. was the owner of the vessel, SS Santa Victoria, which appellee time chartered, using the government

form approved by the New York Produce Exchange, as amended. The Time Charterer entered into an agreement with Mitchell Cotts & Company, Ltd. to transport a cargo of yellow corn in bulk from the Port of New Orleans to the Port of Kandla, India. When the SS Santa Victoria docked in Kandla, India on August 9, 1959, it was discovered that "sweat" damages had been sustained by the cargo because the manner of loading prevented proper operation of the ship's ventilation system.

A complaint was filed by Royal Insurance Company, insurer of the cargo claimant, against Central Gulf Steamship Corporation, Grace Lines, Inc. and the vessel.

The trial judge correctly granted Grace Line's motion for Summary Judgment as to Royal, but committed reversible error in failing to dismiss the third party petition filed by the Time Charterer, Central Gulf, against the vessel owner, Grace.

The Contract between Central and Mitchell to transport the cargo was made subject to the Carriage of Goods by Sea Act of 1936, 46 U.S.C.A. § 1300 et seq. The "USA Clause Paramount" of the time charter party between Grace and Central likewise made that agreement subject to the Carriage of Goods by Sea Act, and the one-year statute of limitations of Carriage of Goods by Sea Act [1] was applicable.

Grace granted Central written authority to extend the one-year limitation for bringing suit for damages to the Cargo through May 9, 1961, but on May 2,

1961 refused to allow a further extension of time. Therefore, Royal's suit filed on August 9, 1961 against Grace was barred by the statute of limitation, being filed too late. United Fruit Company v. J. A. Folger & Company, 270 F.2d 666 (5th Cir. 1959). Thus, the question is presented of what effect would the statute of limitation provision of the time charter agreement have relative to the indemnity suit? We hold that the indemnity cause of action by Central against Grace was barred by the statute of limitation under the Carriage of Goods by Sea Act.[2]

The trial court held that the cause of action for indemnity was not barred because it had not accrued. States Steamship Company v. American Smelting and Refining Company, 339 F.2d 66 (9th Cir. 1964); Lyons-Magnus Incorporated v. American-Hawaiian SS Co., 41 F.Supp. 575 (S.D.N.Y.1941); St. Paul Fire and Marine Insurance Co. v. United States Lines Company, 258 F.2d 374 (2nd Cir. 1958).

The cases cited support the rule that the ordinary cause of action for indemnity would be separate from the suit for initial liability insofar as time bar periods are concerned. The right of indemnity would accrue once payment was made, and the statute of limitation on an action to enforce that right would not begin to run until payment was made. cf. State Steamship Co. v. American Smelting and Refining Company, supra.

■ The question arises under the applicable provisions of the time charter agreement [3] whether Grace or Central

1. 46 U.S.C.A. § 1303 (6)

"* * * In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered: Provided, that if a notice of loss or damage, either apparent or concealed, is not given as provided for in this section, that fact shall not affect or prejudice the right of the shipper to bring suit within one year after the de-

livery of the goods or the date when the goods should have been delivered. * * *"

2. See footnote 1.

3. Time Charter Agreement-Appendix p. 90, Lines 76–79:

"That the Captain shall prosecute his voyage with the utmost dispatch, and shall render all customary assistance with ship's crew and boats. The Captain (although appointed by the owners) shall be under the orders and di-

had the final responsibility to see that the vessel was properly loaded. Grace asserts that under the time charter agreement the Master, while carrying out any supervision of stevedoring, is the servant of the charterer and not the servant of the vessel owner; however, the trial court correctly determined that since the capacity of the ship to transport the cargo in the manner specified in the charter party is an aspect of seaworthiness, the captain's failure to object to stowage interfering with ventilation was an omission as agent for the ship owner. Horn v. C.I.A. de Navegacion Fruco, S.A., 404 F.2d 422 (5th Cir. 1968).

■■ Thus the mistake of reasoning made by the able trial court was in assuming at the time suit was filed by Royal that Central would have a cause of action for indemnity against Grace based on breach of the time charter agreement resulting from an unseaworthy condition being created in loading the corn in such a manner as to prevent proper operation of the ship's ventilation system, to which conduct the master of the vessel, as agent for Grace, failed to object.

Central's cause of action is based on the rights of the cargo claimant, and the fact that Central bases its cause of indemnity on a breach of the time charter agreement could not under any theory give Central a greater right than that which the cargo claimant and its insurer, Royal, had against Grace. At the time suit was filed, Royal's cause of action was barred by the limitation period of the Carriage of Goods by Sea Act [4] from proceeding against the vessel owner, Grace, and the trial court correctly so held. Central's indemnity right being predicated on the claim of the cargo owner, and the cargo claimant and its insurer, Royal's cause of action against Grace being barred, clearly Central's cause of action for indemnity against Grace would also be barred. To hold otherwise would be to deny Grace its legal defense of limitation; therefore, the motion of Grace to dismiss the impleading petition should have been granted, for once the period of limitation ran on Royal's suit against Grace, no indemnification theory could establish Central's right to receive indemnification from Grace. Indemnity may not be awarded without the support of liability on the part of the indemnitor to the person injured and since Grace was no longer obligated to Royal, Grace could not be liable in a cause of action for indemnity by Central. United Air Lines, Inc. v. Wiener, 355 F.2d 379, 403 (9th Cir. 1964); American Tobacco Co. v. Transport Corp., 277 F.Supp. 457 (E.D. Va.1967).

Even if Grace could be held liable for the damaged cargo as the result of an unauthorized extension of the period of limitation by Central, no right of indemnity would exist. By extending the period of Grace's liability to Royal, Central interfered with Grace's defense of limitation and thus would operate to discharge the indemnitor. 42 C.J.S. Indemnity § 40 (1944) [5]

rections of the charters as regards employment and agency, and Charterers are to load, stow, trim and discharge the cargo at their expense under the supervision of the Captain, who is to assign Bills of Lading for cargo as presented in conformity with Mates or Tally Clerks' receipts without prejudice to this Charter party."

4. See footnote 1.

5. 42 C.J.S. Indemnity § 40 (1944)
   "An indemnitor may be released from liability by a subsequent agreement to that effect with the indemnitee, or by the occurrence of an event which, by the terms of the indemnity agreement, is to result in his release, or by circumstances releasing the idemnitee from liability. So also, any act or omission on the part of the indemnitee in breach of his duty under the contract of indemnity that increases the indemnitor's risk or liability or otherwise injures his rights and remedies discharges the indemnitor from his liability under the indemnity contract, at least to the extent of the injury so occasioned."

The judgment granting Central indemnity against Grace for breach of the time charter contract is reversed and judgment to be entered for Grace.

Reversed and remanded.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.