**FRANCOSTEEL CORPORATION,**
Plaintiff,

v.

**S. S. TIEN CHEUNG, her engines, boilers, etc., and Tien Cheung Navigation Co., Ltd., Defendants.**

**TIEN CHEUNG NAVIGATION CO., LTD., Third-Party Plaintiff,**

v.

**RETLA STEAMSHIP CO., Third-Party Defendant.**

**No. 71 Civ. 5472.**

United States District Court,
S. D. New York.

Sept. 18, 1973.

Vincent J. Barra, New York City (Dougherty, Ryan, Mahoney, Pellegrino & Giuffra, New York City, of counsel), for defendant and third-party plaintiff.

Edward J. McMurrer, New York City (Mendes & Mount, New York City, of counsel), for third-party defendant.

## MEMORANDUM

CANNELLA, District Judge.

The third-party defendant, Retla Steamship Co. (hereinafter referred to as "Retla"), moves for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, asserting that the claim interposed against it is time-barred. The motion is denied.

The issue raised by the instant motion is whether the one year statute of limitations contained in the Carriage of Goods by Sea Act [COGSA], 46 U.S.C. 1303(6), is applicable to a third-party indemnity claim. The statute provides, in pertinent part, that:

> "In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered: *Provided,* That if a notice of loss or damage, either apparent or concealed, is not given as provided for in this section, that fact shall not affect or prejudice the right of the shipper to bring suit within one year after the delivery of the goods or the date when the goods should have been delivered . . ."

The present action arises from a claim for water damage to a cargo of tinplate which accrued in the plaintiff's favor on January 9, 1970 (the date of delivery). Under the terms of the COGSA statute of limitations this action would have be-

come time-barred on January 9, 1971. However, the plaintiff and the defendants agreed to waive the one year period and plaintiff interposed its claim on December 15, 1971. Defendant (and third-party plaintiff), Tien Cheung Navigation Co., Ltd., commenced the third-party action for indemnity on October 6, 1972.

The court notes at the outset that the timeliness of the primary claim has not been contested on the motion. The extensions of time in which to commence suit granted by the defendants to the plaintiff are not subject to challenge. United Fruit Co. v. J. A. Folger & Co., 270 F.2d 666 (5 Cir. 1959); Toyomenka, Inc. v. Toko Kaiun Kabushiki Kaisha, 342 F.Supp. 292 (S.D.Texas 1972); Monarch Industrial Corp. v. American Motorists Ins. Co., 276 F. Supp. 972 (S.D.N.Y.1967).

Retla's sole contention on the motion is that the third-party claim for indemnity is time-barred under the COGSA Statute of limitations because it was interposed more than one year after the cargo was delivered. The case cited by the movant almost exclusively in support of its position, Grace Lines, Inc. v. Central Gulf Steamship Corp., 416 F.2d 977 (5 Cir. 1969), cert. denied, 398 U.S. 939, 90 S.Ct. 1843, 26 L.Ed.2d 271 (1970), is readily distinguishable from the instant case. In Grace Lines the shipowner and the charterer entered into a charter party which incorporated COGSA. The charterer, as carrier, issued a bill of lading governed by COGSA. Both the charter and the bill were subject to COGSA's one year statute of limitations. The plaintiff in Grace Lines brought a timely suit against the charterer, however the charterer's claim for indemnity was interposed against the shipowner after the one year period. The Court of Appeals found that since the right to indemnity arose from the charter, and because the charter was subject to COGSA, the one year statute of limitations operated to bar the charterer's claim. The instant claim is unlike that in Grace Lines, there being no proof before the court to demonstrate the applicability of COGSA to the charter party between the third-party plaintiff and the third-party defendant.

In any event, the court finds the COGSA period of limitations inapplicable to suits for indemnity. The application of this statute to an indemnification claim would thwart the purpose of Rule 14 of the Federal Rules of Civil Procedure, as well as, the modern trend of authority. Any other conclusion would sanction a plaintiff to selectively sue an isolated defendant, and, by skillful manipulation of the limitations period, allow him to deny that defendant any claim for indemnity against a third-party defendant who may be subject to liability over. (For example, plaintiff brings suit one day before it is time-barred.)

The court is convinced that the accepted principles of the law of indemnity should be applied to this case. The rules that a cause of action for indemnity does not accrue until payment of the primary liability is made and that a claim cannot be time-barred before it accrues are controlling here. St. Paul Fire and Marine Ins. Co. v. United States Lines, 258 F.2d 374 (2 Cir. 1958); States Steamship Co. v. American Smelting and Refining Co., 339 F.2d 66 (9 Cir. 1964); Lyons-Magnus Inc. v. American-Hawaiian S. S. Co., 41 F. Supp. 575 (S.D.N.Y.1941). Third-party practice is simply a form of expeditious remedy that does not alter these substantive rules. The court concludes that the instant third-party claim for indemnity has not yet accrued for statute of limitation purposes and therefore, is not time-barred.

The motion for summary judgment is denied.

So ordered.