**ITT RAYONIER, INC. and Enka Glanzstoff, A. G., Plaintiffs,**

v.

**SOUTHEASTERN MARITIME COMPANY, Defendant-Third-Party Plaintiff-Appellant,**

v.

**SYLVAN SHIPPING COMPANY, INC. et al., Third-Party Defendants-Appellees.**

No. 79–2895
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 2, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Edwin D. Robb, Jr., Savannah, Ga., for defendant-third-party plaintiff-appellant.

Chamlee, Dubus, Sipple & Walter, Lamar C. Walter, Savannah, Ga., for third-party defendants-appellees.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Defendant and third-party plaintiff Southeastern Maritime Co. (SEMCO) appeals from a summary judgment in favor of the third-party defendants, the M/S SYLVO, E. B. Aabys, the owner, and Sylvan Shipping Co. (hereinafter collectively referred to as Sylvan). Holding this case is not controlled by *Grace Lines, Inc. v. Central Gulf Steamship Corp.*, 416 F.2d 977 (5th Cir. 1969), *cert. denied*, 398 U.S. 939, 90 S.Ct. 1843, 26 L.Ed.2d 271 (1970), and that the general rule with respect to third-party claims applies, we reverse.

Cargo owned by ITT Rayonier Co. (Rayonier) was damaged while enroute from Savannah, Georgia, to Rotterdam on Sylvan's vessel. The cargo had been loaded by SEMCO, a stevedoring company, and had been discharged in Rotterdam on September 14, 1976. More than a year afterwards, Rayonier sued SEMCO but not Sylvan. Ten days later SEMCO filed a third-party complaint against Sylvan seeking recovery for indemnity and contribution under Fed.R.Civ.P. 14.

Rayonier's contract with Sylvan was governed by the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.A. § 1300 *et seq.*

Section 1303(6) of COGSA states, in part, that

the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered . . . .

SEMCO's stevedoring contract with Sylvan contained no COGSA provisions and the stevedore was not a party to the contract between Rayonier and Sylvan. The law is clear that in the absence of a contractual agreement, a stevedore is neither bound by the terms of a bill of lading nor regulated by the provisions of COGSA. *Robert C. Herd & Co. v. Krawill Machinery Corp.*, 359 U.S. 297, 301–02, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959); *Stein Hall & Co. v. S.S. Concordia Viking*, 494 F.2d 287, 291 (2d Cir. 1974).

Claiming that SEMCO's third-party action was governed by the COGSA one-year limitation and thus time barred, Sylvan moved for summary judgment or judgment on the pleadings. The district court granted the motion, basing its ruling largely on this Court's opinion in *Grace Lines, Inc. v. Central Gulf Steamship Corp.*, 416 F.2d 977.

█ The well-established general rule with respect to third-party indemnity and contribution claims is:

If defendant has a claim over against a third-party defendant—such as a claim for indemnity, contribution, etc.—the statute usually will not commence to run against the defendant (third-party plaintiff) and in favor of the third-party defendant until judgment has been entered against the defendant, or the defendant has paid the judgment.

3 Moore's Federal Practice ¶ 14.09 at 14–247 (2d ed. 1979). *Accord, United States Lines, Inc. v. United States*, 470 F.2d 487 (5th Cir. 1972); *United States v. Farr & Co.*, 342 F.2d 383 (2d Cir. 1965); *States Steamship Co. v. American Smelting & Refining Co.*, 339 F.2d 66 (9th Cir. 1964), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1109, 14 L.Ed.2d 155 (1965); *Chicago, Rock Island & Pacific Railway v. United States*, 220 F.2d 939 (7th Cir. 1955). *Grace Lines* explicitly recognized this rule for the "ordinary cause of action for indemnity," 416 F.2d at 978, but, because of the operation of COGSA, carved out an exception to that rule.

SEMCO urges this Court to refuse to follow *Grace Lines*, pointing out that the opinion has been often criticized. Whether or not *Grace Lines* was correctly decided, it is the law of the Circuit and we would have to follow it. We conclude, however, that its holding is not controlling in this case.

In *Grace Lines* the shipowner and the charterer entered into a charter party which incorporated COGSA. The charterer, as carrier, issued a bill of lading governed by COGSA. Both the charter and the bill of lading were subject to COGSA's one-year statute of limitations. The plaintiff cargo owner, upon discovering damage to the cargo, filed an action against the vessel, the owner, and the charterer. After the one-year period had run, the charterer filed a third-party indemnity claim against the owner. The Court found that since the right to indemnity arose from the charter, and because the charter was subject to COGSA, the one-year statute of limitations operated to bar the charterer's claim.

█ Here, however, whatever rights SEMCO might have to indemnity and contribution from Sylvan do not arise through application of an agreement subject to COGSA. In *Grace Lines* the rights of the plaintiff against the defendant and of the third-party plaintiff against the third-party defendant were limited by COGSA. In the present case the only relationship governed by COGSA, the one between Rayonier and Sylvan, does not bear on SEMCO's theory of liability. COGSA has no application as between Rayonier and SEMCO or between SEMCO and Sylvan. Thus, we think *Grace Lines* does not decide the issue here.

The *Grace Lines* reasoning should not be extended to the facts here. As was pointed out in *Francosteel Corp. v. S.S. Tien Cheung*, 375 F.Supp. 794 (S.D.N.Y.1973), the application of COGSA to indemnification claims may thwart the purpose of Rule 14 of the Federal Rules of Civil Procedure

and could sanction plaintiff's selectively suing an isolated defendant and, through skillful manipulation of the limitations period, denying the defendant his rightful claim for indemnity. While such risks may be tolerated when, as in *Grace Lines*, the relative rights of the parties are governed by the explicit congressional pronouncement in COGSA, application where the rights and liabilities of the parties are not based on COGSA cannot be justified. We hold, therefore, that COGSA does not bar SEMCO's third-party indemnification and contribution suit.

Instead, the general rule that any limitations period in a cause of action for indemnity or contribution does not begin to run until judgment against defendant has been entered or payment of the primary liability payment has been made should be followed. Under this rule, it is clear that SEMCO's third-party claim is not time-barred. The order of the district court dismissing SEMCO's third-party claim against Sylvan is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

TATE, Circuit Judge, specially concurring:

I agree with the result reached in this case. The stevedore was never given a chance to implead the shipper, and the cargo claimant should not be given the opportunity to choose which of two defendants will be held responsible for damage that may have been caused by both, or in fact may have been caused by the sole fault of the shipper. Under the circumstances of this case, the district court erred in holding that the third-party action was time-barred. *See Francosteel Corp. v. S.S. Tien Cheung*, 375 F.Supp. 794 (S.D.N.Y.1973). Since the contract between the stevedore and the shipper was not governed by the time limitations of COGSA, *Grace Lines, Inc. v. Central Gulf Steamship Corp.*, 416 F.2d 977 (1969), *cert. denied*, 398 U.S. 939, 90 S.Ct. 1843, 26 L.Ed.2d 271 (1970), is factually distinguishable and not controlling.

I concur specially only to state, for benefit of possible future en banc consideration of the issue, that were I writing on a clean slate, I would decide *Grace Lines* differently. It is clear to me that the rationale of *Francosteel* should be applied to prevent the application of the COGSA one-year statute of limitations to *any* action for indemnity or contribution not founded solely on subrogation. *See* 3 Moore's Federal Practice ¶ 14.09, at 14–247 to 248 (2d ed. 1979). Otherwise, a cargo claimant has the ability to manipulate the time limitation in order to favor one possible tortfeasor over another. In my opinion, policy dictates that even in the COGSA context, the general rule on actions for indemnity or contribution should apply—"the statute of limitation on an action to enforce [the right to indemnity] would not begin to run until payment was made." *Grace Lines, Inc. v. Central Gulf Steamship Corp.*, 416 F.2d at 978.

I must admit, as did the district court, that contrary policy reasons are not without weight. The one-year COGSA limitation on bringing cargo damage claims may indeed have been designed to bar not only claims for cargo damage but also claims for indemnity or contribution arising out of such cargo-damage claims—such as those by charterers or stevedores for cargo-damage for which they are held liable to the cargo-owner, but for which, as between the shipowner and themselves, the shipowner is primarily or partially liable. A defendant's delayed claim for indemnity or contribution, in this latter instance, presents problems and policy-values similar to those that arise when suit for the cargo damage itself is unduly delayed. Nevertheless, I presently incline to the belief that the weight of policy reasons favors indemnity claims in such situations, without regard to COGSA's one-year time limitation. As between potential defendants, an opportunity to hold liable the party primarily responsible should not be foreclosed by plaintiff-choice.

I agree that summary calendar treatment of this case is appropriate. The facts and legal arguments are adequately presented

by the briefs and the record, and the decisional process would not be significantly aided by oral argument. I feel impelled to state my serious reservations concerning the correctness of this court's decision in *Grace Lines*, but these reservations can only be resolved by the court en banc. Therefore, I respectfully concur.