**AMERICAN HOME ASSURANCE, INC., Plaintiff,**

**v.**

**INTERNAVES SHIPPING CORP., Defendant/Third–Party Plaintiff,**

**v.**

**TRINITY SHIPPING LINE, S.A. Third–Party Defendant.**

No. 97–1673–CIV–KING.

United States District Court, S.D. Florida.

Oct. 24, 1997.

Alvaro Mejer, Coral Gables, FL, for Plaintiff.

Wayne Geyer, Jr., Ft. Lauderdale, FL, Gerhardt A. Schreiber, Coral Gables, FL, for Defendant.

*ORDER DENYING THIRD–PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

JAMES LAWRENCE KING, Senior District Judge.

THIS CAUSE comes before the Court upon Third–Party Defendant, Trinity Shipping Line's ("Trinity"), Motion for Summary

Judgment, filed October 1, 1997. Third–Party Plaintiff, Internaves Shipping Corp. ("Internaves"), filed a response on October 8, 1997.

## I. Factual Background

On July 9, 1996, Trinity shipped an excavator machine and related accessories ("excavator") from Guayaquil, Ecuador to Miami, Florida. Subsequent to the actual shipment of the excavator, Caterpillar Redistributions Services, Inc. ("Caterpillar"), the owner of the excavator, executed a contract with Internaves for the excavator's shipment to Miami. The contract is reflected in a bill of lading issued to Caterpillar by Internaves. On July 16, 1996, Internaves executed a subcontract with Trinity for the excavator's shipment to Miami. This contract is also reflected in a bill of lading issued to Internaves by Trinity. The excavator was allegedly damaged en route from Guayaquil to Miami. Caterpillar's subrogee, American Home Assurance, Inc. ("American"), filed an action against Internaves on May 27, 1997, seeking to recover damages in excess of $12,171.28 plus interest and costs, based on the damage to the excavator. Internaves filed a third-party Complaint against Trinity on September 4, 1997, seeking indemnification for any potential liability. Trinity now moves for summary judgment on the ground that Internaves' Complaint is time barred under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. §§ 1300–1315.

## II. Legal Standard

Summary judgment is appropriate only where it is shown that no genuine dispute as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

## III. Discussion

Trinity contends that Internaves' suit is barred because it was not brought within one year of the date of delivery of the excavator. Section 1303(6) of COGSA provides that "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." 46 U.S.C.App. § 1303(6). Trinity asserts that this provision of COGSA is applicable to Internaves' indemnity suit because American's underlying damage suit involves the carriage of goods by sea. The Court finds, however, that Internaves' indemnity suit is not barred by COGSA.

In indemnity cases, the general rule is that a cause of action does not arise until there is a final determination of liability. *See McRory v. Hobart Bros. Co., Inc.*, 732 F.2d 1533, 1535 (11th Cir.1984); *United States Lines, Inc. v. United States*, 470 F.2d 487 (5th Cir.1972); 3 Moore's Federal Practice ¶ 14.09, at 14–55 (2d ed.1982). Thus, the statute of limitations does not start to run before there has been a final judgment of damages. In addition, courts recognize that COGSA generally applies to suits between cargo owners and carriers, not to suits between carriers. *Trade Arbed, Inc. v. S/S Ellispontos*, 482 F.Supp. 991, 995–96 (S.D.Tex.1980); *Prudential Lines, Inc. v. General Tire Int'l Co.*, 440 F.Supp. 556, 558 (S.D.N.Y.1977); *Lyons–Magnus, Inc. v. American–Hawaiian S.S. Co.*, 41 F.Supp. 575, 577 (S.D.N.Y.1941).

Because of these general rules, some courts have held that indemnity actions between carriers that arise from damage suits involving the carriage of goods by sea are never subject to COGSA's one year limitation, even when indemnitor and indemnitee have executed a contract incorporating COGSA. *See, e.g., Prudential*, 440 F.Supp. at 559 ("The defendants can draw no solace from the Himalaya clause which gives them, as agents of the carrier, the benefit of COGSA's

one-year statute of limitations.... [I]t does not preclude this suit by the carrier.") Other courts have found that COGSA's one year limitation applies to indemnity actions between carriers only when indemnitor and indemnitee have executed a contract incorporating COGSA. *See, e.g., Hercules, Inc. v. Stevens Shipping Co.*, 698 F.2d 726, 732 (5th Cir.1983) (One-year limitation inapplicable "[w]here the relationship or contract between the party seeking indemnity and the one from whom indemnity is sought is not governed by an agreement subject to COGSA."); *ITT Rayonier, Inc. v. Southeastern Maritime Co.*, 620 F.2d 512, 514 (5th Cir.1980) (One-year limitation inapplicable when suit does "not arise through application of an agreement subject to COGSA"); *Trade Arbed*, 482 F.Supp. at 996 (COGSA limitation inapplicable when contract did not expressly incorporate COGSA). These courts reason that carriers can opt out of the general rule of indemnity that time limitations commence only after a final judgment by executing contracts expressly stating that their suits are governed by COGSA. *See id.* at 995 ("The applicability of COGSA to the instant charter party would have to have been the result of agreement by the parties to expressly include COGSA.").

■ While the Court does not adopt the broad holding of *Prudential*, 440 F.Supp. at 559, that the COGSA limitation can never apply to indemnity suits between carriers, the Court finds that the COGSA limitation should not apply to the present indemnity action between Internaves and Trinity. First, Internaves and Trinity did not have a contract when Trinity completed delivery of the excavator on July 9, 1996. Thus, at the time the damage occurred, Internaves and Trinity did not intend to opt out of the general rule governing indemnity actions. Internaves and Trinity did, however, execute a bill of lading on July 16, 1996. Although the bill of lading might be construed as a contract between the carriers, Trinity does not offer evidence that the bill of lading incorporates a reference to COGSA. In the absence of an express reference, the Court cannot conclude that the parties intended to be bound by COGSA. Again, the Court cannot apply COGSA to the bill of lading as a matter of law because COGSA generally governs cargo-carrier liability suits, not indemnity suits between carriers. *Trade Arbed*, 482 F.Supp. at 995–96.

Even if the bill of lading did refer to COGSA, the one-year limitation would not be applicable to the present indemnity suit unless the basis for indemnity was the bill of lading. In *Hercules*, 698 F.2d at 734, the Fifth Circuit overruled *Grace Lines, Inc. v. Central Gulf Steamship Corp.*, 416 F.2d 977 (5th Cir.1969), which held that the COGSA one-year limitation applied to an indemnity suit between carriers whose contract was governed by COGSA. The court observed that "[e]ven in the specific situation presented in *Grace Lines*, where both contracts invoke COGSA, the result and reasoning are unsound." *Hercules*, 698 F.2d at 734. The Court found the COGSA limitation inapplicable to the charterer's indemnity suit against the ship owner because "the charterer's claim for indemnity was based on the fact that it had been or would be held liable to [the cargo owner] for damages and that this was due to the vessel's unseaworthiness." *Id.* at 735. The court recognized that the one-year limitation did not apply because the cause of action for indemnity arose from the fact that the ship owner caused the damage, not from the terms of the contract between charterer and ship owner. *Id.; see also ITT Rayonier* (Tate, J. concurring) (Courts should "prevent the application of the COGSA one-year statute of limitations to any action for indemnity or contribution not founded solely on subrogation.").

In the instant case, Internaves' claim against Trinity does not arise from an indemnity or subrogation provision in the bill of lading but rather from the fact that the excavator was damaged while in Trinity's care. Because the bill of lading does not specify that Trinity is to indemnify Internaves, the parties could not have intended the instant suit to be subject to COGSA, even if COGSA was referenced in the bill of lading. Consequently, the parties did not opt out of the general rule that the statute of limitations on an indemnity action commences upon a final determination of liability. *See McRory*, 732 F.2d at 1535.

Moreover, such an expansive application of COGSA's one-year limitation would contravene the policy of Fed.R.Civ.P. 14 to allow broad third-party practice.[1] *Hercules,* 698 F.2d at 734; *ITT Rayonier,* 620 F.2d at 514–15 (Tate J., concurring); *Trade Arbed,* 482 F.Supp. at 997–98; *Prudential,* 440 F.Supp. at 560.

### Conclusion

After a careful review of the record, and the Court being otherwise fully informed, it is

ORDERED and ADJUDGED that Third–Party Defendant's Motion for Summary Judgment be, and the same is hereby, DENIED.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 24th day of October 1997.

**1.** Fed.R.Civ.P. 14(c) states in pertinent part, "When a plaintiff asserts an admiralty or maritime claim … the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, by way or remedy over, contribution, or otherwise on account of the same transaction, occurrences, or series of transactions or occurrences."