**GLENS FALLS INDEMNITY CO. v. ATLANTIC BLDG. CORP. et al.**

**No. 6424.**

United States Court of Appeals Fourth Circuit.

Argued June 30, 1952.

Decided Sept. 25, 1952.

Frank B. Gary, Jr., Columbia, S. C. (Paul A. Cooper, Frank K. Sloan and Cooper & Gary, Columbia, S. C., on brief), for appellant.

Yancey A. McLeod and C. T. Graydon, Columbia, S. C. (Augustus T. Graydon and McLeod & Singletary, Columbia, S. C., on brief), for appellees.

Before SOPER and DOBIE, Circuit Judges, and HAYES, District Judge.

SOPER, Circuit Judge.

This suit on a comprehensive liability insurance policy was brought by Atlantic Building Corporation, the insured, against Glens Falls Indemnity Company to recover the sum of $2,700 paid by the insured in settlement of a suit for damages for assault and battery brought by Margaret Steel Fallaw against the insured and Tom E. Matlack in the Court of Common Pleas for Richland County, South Carolina, and also to recover the sum of $750 for attorney's fees expended in defense of the suit. The District Court rendered judgment against the Insurance Company for the amounts claimed.

The insured called on the Insurance Company in due course to defend the suit in the state court; but the company refused on the ground that the suit was not covered by the policy because Matlack was president of the insured and it was alleged in the complaint that Matlack, while acting within the course and scope of his employment by the insured, assaulted the plaintiff and struck her in the face with his fist as she was attempting to park her car on the street in Columbia, South Carolina. The Insurance Company took the position that although the policy provided that the company would pay, on behalf of the insured, all sums which the insured should become obligated to pay by reason of liability imposed by law for damages for bodily injury caused by accident, the policy also provided in effect that assault and battery should be not deemed an accident if "committed by or at the direction of the insured." Upon the refusal of the company, the insured employed counsel to defend the suit, and at the trial the jury found a verdict for the plaintiff against both defendants in the amount of $250 actual damages and $2,500 punitive damages. The case was then settled by the insured by the payment of the sum of $2,700; and the insured also paid its attorneys $750 for services rendered in defense of the suit.

It is conceded that the amounts paid by the insured were reasonable; and the defense is limited to a denial of liability on the part of the Insurance Company to pay to the insured either of the sums expended by it in connection with the suit. The policy required the Insurance Company not only to defray the legal obligations of the insured for damages for bodily injury as aforesaid, but also to defend any suit against the insured alleging such injury and seeking damages therefor, even if the suit should be groundless. Since the complaint in the state court alleged that the assault was committed by Matlack, while acting as the agent of the insured within the course of his employment, and there was nothing in the complaint to indicate that Matlack was acting at the time as an agent in control of the insured, it is obvious that the refusal of the Insurance Company to defend was a breach of its policy and that the company is liable to the insured for the amount of the attorney's fees. The duty of the insurer to defend a suit ordinarily depends upon the allegations of the complaint. See the decision of this court in

Employers Mutual Liability Ins. Co. v. B. L. Hendrix, 4 Cir., 199 F.2d 53.

The liability of the Insurance Company for the amount paid in settlement of the damages depends upon whether, in the words of the policy, the assault and battery was committed "by or at the direction of the insured." The physical actions which constituted the assault and battery were performed by Matlack and at the time he was engaged in the business of the insured and was using a pick-up automobile truck to return an electric motor which the insured had purchased and desired to replace. Matlack was the president of the corporation and the owner of one-third of its stock. By reason of these facts the Insurance Company contends that the wrongful act of Matlack was the act of the corporation itself, as distinguished from the act of an agent of the corporation, and hence the assault was committed "by the insured" and was not covered by the policy. The insurance company admits that the policy covers liability for damages for an assault and battery if it is committed by an agent of the insured in the course of his employment, and the liability of the insured rests upon the doctrine of respondeat superior; but it is contended that Matlack's act was the act of the corporation itself since it was committed not by an ordinary agent but by the president of the company.

When the insured in a liability policy is an individual person, there is no difficulty in interpreting the crucial phrase which brings an assault and battery within the coverage, unless committed "by or at the direction of the insured." In such case the only inquiry is whether the insured personally participated in the act or directed that it be done. It is the intentional commission of the wrong that bars recovery.

A corporation, however, can act only through a human agent and in one sense any act of the agent in the course of his employment is the act of the corporation. Nevertheless, it cannot be supposed and it is not centended that the form of policy used in this case was intended to exclude from coverage every assault and battery committed by a corporate agent in the course of his duty, no matter how insig-

nificant his standing and authority may be. That interpretation would render meaningless the assault and battery clause which was obviously inserted to bring the offense within the protection of the policy as far as possible, without running counter to the public policy that forbids an insured to profit by his own wrong doing. See Farm Bureau Mut. Auto. Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793.

On the other hand, it cannot be supposed that the insurance contract was intended to cover every assault and battery of a corporate agent even though he is clothed with general executive authority to determine the policies of the corporate body and has committed or directed the commission of an assault in conformity therewith. To insure a corporation from loss for such an act would violate the rule of public policy above referred to as clearly as if the insured were a natural person. The problem of coverage in each instance must therefore be resolved by ascertaining the extent of the agent's authority and the capacity in which he has acted, and whether his action may be deemed to have been performed with the corporation's knowledge and consent. The agent's authority may be proved by express grant, or may be inferred from the circumstances, such as the status of the agent, and the acts which he has customarily and openly performed. The determination of the question is not unlike that which confronts the court, when the conviction of a corporation for crime, or the imposition upon it of punitive damages for wanton and malicious conduct is sought and it becomes necessary to show a specific intent on the part of the corporate body. See People v. Canadian Fur Trappers' Corp., 248 N.Y. 159, 161 N.E. 455, 59 A.L.R. 372; Wardman-Justice Motors v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648.

In the present instance we have no difficulty in concluding that Matlack was not acting in his executive capacity as president of the corporation with the authority of the Board of Directors of the corporation or in the execution of a policy determined by himself under an authority conferred by the corporation. Rather, it

seems to us, he was acting as a truck driver who was caught up unexpectedly in an altercation with another driver which led him, on the spur of the moment, to commit the wrongful act; and the liability of the Insurance Company is the same as if he had been an ordinary chauffeur in the company's employ. For these reasons we conclude that the transaction was covered by the policy.

Finally we come to a feature of the case not heretofore discussed. The Insurance Company, before answering the complaint in the pending case, moved ex parte for leave to file a third party summons and complaint against Matlack under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and leave was granted. The complaint, as filed, was to the effect that the damage suffered by the insured corporation was caused by the acts of Matlack and that he is liable to the corporation for any damages arising therefrom; and that the insurance policy provides that in the event of any payment thereunder, the Insurance Company shall be subrogated to all the insured's rights of recovery therefor against any person. Under this third party complaint the Insurance Company claimed the right to be reimbursed by Matlack for any sum paid by it to the insured corporation as the result of the pending suit.

Subsequently on motion of Matlack the third party action was dismissed on the ground that under the law of South Carolina a party is not entitled to subrogation for the payment of the debt for which another is primarily responsible until he has paid the same, and since the Insurance Company has not paid to the insured the amount claimed by it, the third party action must be dismissed.

█ Rule 14(a) provides in part as follows: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him [or to the plaintiff] for all or part of the plaintiff's claim against him." The purpose of the rule is to permit addi-

tional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all of the interested persons in one suit. That purpose will be facilitated in the pending case if the third party action is entertained, since it may be that Matlack is liable to the insured for the losses suffered by it through his unlawful conduct and, if so, the Insurance Company would be subrogated to the rights of the insured under the express terms of the policy.

█ It is true in South Carolina and elsewhere that the right of subrogation may not be recognized unless the party asserting it has paid the debt on which the right of subrogation is based. American Surety Co. v. Hamrick Mills, 191 S.C. 362, 4 S.E.2d 308, 124 A.L.R. 1147. But this rule applies when the indemnitor brings a separate suit against the person whose action has caused the loss. Rule 14 was designed to prevent this circuity of action and to enable the rights of an indemnitee against an indemnitor and the rights of the latter against a wrongdoer to be finally settled in one and the same suit. It is generally held that it is no obstacle to a third party action that the liability, if any, of the third party defendant can be established only after that of the original defendant and after the satisfaction of the plaintiff's claim, where subrogation is the basis of the claim. See Lee's Inc. v. Transcontinental Underwriters, D.C.Md., 9 F.R.D. 470, and cases cited.

█ The situation in the pending case presents no difficulty to the practical application of the rule. The liability of the Atlantic Building Corporation, the insured, to the injured party, and the liability of the Insurance Company to Atlantic grow out of the wrongful acts of Matlack; and it is peculiarly fitting that Matlack's personal liability to Atlantic and the right of the Insurance Company to subrogation be determined in the same case.

We have held in Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, that the question whether a third party defendant may be brought into an action is ordinarily a matter resting within the sound discre-

tion of the judge. In the pending case, however, the third party action was dismissed under the mistaken opinion that the right of the Insurance Company to be subrogated to the rights of the insured could not be determined until the Insurance Company had paid the loss. The third party action was not and could not have been dismissed in the exercise of the court's discretion, because this would clearly frustrate the purpose of the rule. The case will therefore be remanded so that the claim against the third party may be submitted to the District Court.

The judgment of the District Court as to the liability of the Insurance Company to the policy holder for the amounts paid by the insured for damages and counsel fees growing out of the South Carolina case will be affirmed; but the judgment, insofar as it dismissed the third party action, will be reversed and in this respect the case will be remanded for a new trial.

Affirmed in part and reversed in part and remanded for further proceedings.