Thomas KING, Plaintiff,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Defendant.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third-Party Plaintiff,

v.

Edith BROWN, Third-Party Defendant.

Civ. A. No. 2074.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Oct. 26, 1967.

J. Sam Wood and Shaw, Jones & Shaw, Fort Smith, Ark., for plaintiff.

Dobbs, Pryor & Shaver, Fort Smith, Ark., for third party plaintiff.

Garner & Parker, Fort Smith, Ark., for third party defendant.

## OPINION

WILLIAMS, District Judge.

This suit was instituted by Thomas King, an alleged citizen of Fort Smith, Arkansas, against State Farm Mutual Automobile Insurance Company, a corporation allegedly organized and having its principal place of business in a state other than Arkansas; and alleging that State Farm had issued an insurance policy to the plaintiff providing, among other things, uninsured motorist coverage. A copy of the policy has been furnished the court, and its issuance, its terms, and that it was in force at the material times is not in dispute. King's complaint further alleges that on November 17, 1966, he was struck by an automobile driven by Edith Brown, the third party defendant, and that Edith Brown was negligent, and resulted in serious injury to him, and further alleges that Edith Brown is an uninsured motorist within the terms of the policy. The plaintiff seeks to recover $10,000, the maximum amount payable under the policy, together with a 12% penalty and attorney's fee.

State Farm's answer admits that the policy was issued, and that it contains the uninsured motorist provisions, and admits that an accident occurred on November 17, 1966; denying all other material allegations.

At the same time, State Farm Mutual, upon leave of the court, filed a third party complaint against Edith Brown alleging that Edith Brown is a citizen of Oklahoma, and that King and State Farm are neither citizens of Oklahoma. The third party complaint alleges the substance of the provisions of the uninsured motorist coverage and that the policy also extends coverage to Thomas King for all damages that he shall become legally obligated to pay for bodily injuries or property damage arising out of the ownership, maintenance and use of the automobile involved, and that because of the conflicting claims of Edith Brown as to the liability of Thomas King, and King's claim that Edith Brown's negligence was the cause of the accident, State Farm might be subjected to a double or multiple liability, and for that reason is entitled to implead Edith Brown. The prayer of State Farm against Edith Brown is that in the event Edith Brown is found to be liable as a result of negligence, that State Farm have judgment against her for whatever amount may be found to be due King, and for all other relief to which it may be entitled.

The plaintiff has moved to strike the third party complaint, and the third party defendant has moved to dismiss it on the ground that it does not state a cause of action.

The Arkansas Statutes making uninsured motorist coverage compulsory except where specifically rejected, provides in Section 66–4006 of Arkansas Stats. Annotated:

"In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily in-

jury for which such payment is made, including the proceeds recoverable from the assets of an insolvent insurer."

The policy provides:

"16. Trust Agreement. In the event of payment to any person under this coverage:

(a) the Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this coverage;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision."

The provisions of the statute and the policy, particularly Paragraph 16(b) of the policy, clearly provide that upon payment of any amount to the insured, the insurer becomes subrogated to the rights of the insured against the uninsured motorist, subject to the terms and limitations contained in the policy.

■ The proponents of the motion argue that no right exists until payment, and, therefore, no present cause of action exists. But Rule 14 of the Rules of Civil Procedure authorizes a defendant to serve a summons and complaint on a person not a party to the action "who is or may be liable" to him for all or part of plaintiff's claim against him. Under this rule it has been held that a defendant may make a person a third party defendant who may be liable as an indemnitor or who may be liable under subrogation rights, even though the third party defendant would not be entitled to judgment, or execution on such judgment, until he discharges a judgment obtained against him by the plaintiff. Moore's Federal Practice, Vol. 3, § 14.08, P. 531 et seq. and § 14.10, P. 551 et seq. and the cases there cited. In St. Paul Fire and Marine Insurance Co. v. United States Lines, 2 Cir., 258 F. 2d 374, a subrogation right was involved in a third party complaint, and the court said:

"The very purpose of the Rule is to eliminate the necessity of independent actions against persons who 'may be liable' where liability may be determined upon the facts common to, or arising out of, the same transaction. The federal and New York state court decisions hold that third-party impleader practices encompasses subrogation claims." (Citing cases.)

■ Secondly, it is said that this court does not have jurisdiction of the third party complaint for the reason that the maximum amount of the judgment that can be rendered against Edith Brown is $10,000. However, according to the Rule announced by the majority of the decisions of the federal courts and legal commentators, the third party complaint in this instance should be treated as ancillary, therefore not requiring independent grounds of either jurisdiction or venue. Moore's Federal Practice, Vol. 3, § 14.25, § 14.26, and cases there cited.

The third party complaint also alleges the possibility of double exposure to liability under the policy should the uninsured motorist not be made a party to this action, which might require the court to make the uninsured motorist a party under Rule 19 of the Rules of Civil Procedure, if feasible. Moore's Federal Practice, Vol. 3, § 19.07–1, P. 251 et seq. and cases there cited. However, as the third party complaint has been filed, it is unnecessary to pass on that point at this time.

For the reasons stated, the court has jurisdiction to entertain the third party complaint and it does state a cause of action, the instigation of which is permitted by Rule 14 of the Federal Rules of Civil Procedure.

An order has heretofore been entered denying the motions.