**A. J. KELLOS CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**BALBOA INSURANCE COMPANY, Defendant and Third-Party Plaintiff,**

v.

**ROOFING SPECIALTIES, INC. et al., Third-Party Defendants.**

**Civ. A. No. 177-194.**

United States District Court, S.D. Georgia, Augusta Division.

May 15, 1980.

Jay M. Sawilowsky, Augusta, C. James Jessee, Jr., Jessee, Ritchie & Duncan, P. C., Atlanta, Ga., for plaintiff.

James T. Wilson, Augusta, Ga., for defendant and third-party plaintiff.

DeWitte Thompson, Atlanta, Ga., Lamar W. Davis, Jr., Savannah, Ga., J. Samuel Choate, Jr., Augusta, Ga., for third-party defendants.

## ORDER

BOWEN, District Judge.

The course of this litigation may be summarized as follows: Balboa Insurance Com-

---

pany [Balboa] executed a performance bond, as surety, in favor of A. J. Kellos Construction Company [Kellos] that Roofing Specialties, Inc. would promptly and faithfully perform its subcontract with Kellos. Kellos brought this action against Balboa in December, 1977, alleging that Roofing Specialties, Inc. defaulted under its contract. On January 22, 1979, Balboa filed a third-party complaint against its principal, Roofing Specialties, Inc., and several other parties seeking indemnification under the bond. Subsequently, Celotex Corporation [Celotex], the supplier of the roofing material, was added as a party defendant on February 16, 1979. By order dated March 12, 1980, this Court dismissed Celotex as a party defendant. No. 177–194 (S.D.Ga. 1980).

Presently before the Court is defendant Balboa's motion for leave to implead Celotex as a third party defendant pursuant to Fed.R.Civ.P. 14(a). The asserted basis for this impleader is that "if judgment is rendered against Balboa Insurance Company and it pays the same, Balboa Insurance Company will be subrogated to any and all rights of Roofing Specialties, Inc. and therefore will have a cause of action over against Celotex Corporation." While both Balboa and Celotex have submitted briefs on the motion, neither address what the Court discerns as the determinative issue.

Disposition of a motion for impleader under Fed.R.Civ.P. 14(a) rests solely within the sound discretion of the district court. *See Southern Railway Co. v. Fox*, 339 F.2d 560, 563 (5th Cir. 1964); *Cass v. Brown*, 41 F.R.D. 284, 286 (D.Colo.1966). Guiding this discretion is the fundamental tenet that "[a] third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." 6 *C. Wright & A. Miller, Federal Practice and Procedure* § 1446, at 246 (1978). Thus a claim by defendant which is separate and independent from plaintiff's main claim may not be asserted in a third-party complaint. *See McCain v.*

*Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849 (5th Cir. 1978); *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975); *Majors v. American National Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970).

Of course, the use of the word "claim" in Rule 14 is intended to afford the defendant third-party plaintiff some latitude; it "avoids the narrow concepts of 'cause of action' and employs instead the idea of the claim as a group of operative facts giving occasion for judicial action." *United States v. Joe Grasso & Sons, Inc.*, 380 F.2d 749, 751. (5th Cir. 1967) (citing *inter alia American Fidelity & Casualty Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956)). Yet, the claim must still be premised on notions of secondary or derivative liability as in cases of subrogation, contribution, indemnity, or warranty. *See O'Steen v. Lockheed Aircraft Corp.*, 294 F.Supp. 409, 410 (N.D. Ga.1968).

Subrogation, as a basis for impleader, typically arises in actions on insurance policies. The insured sues the insurer on the insurance policy for losses caused by a third party. Claiming subrogation to the insured's rights of recovery against the third party, the insurer impleads that party as a third-party defendant. *See, e. g., St. Paul Fire & Marine Insurance Co. v. United States Lines Co.*, 258 F.2d 374 (2d Cir. 1958); *Glens Falls Indemnity Co. v. Atlantic Bldg. Corp.*, 199 F.2d 60 (4th Cir. 1952); *King v. State Farm Mutual Insurance Co.*, 274 F.Supp. 824 (W.D.Ark.1967); *Concordia College Corp. v. Great American Ins. Co.*, 14 F.R.D. 403 (D.Minn.1953). In contrast to this delineative situation, Balboa does not aver subrogation rights to a claim by plaintiff Kellos against Celotex, but rather to a claim by Roofing Specialties, Inc.—a third-party defendant added by Balboa. Thus, the asserted liability of Celotex on the basis of subrogation is not derivative of the main claim.

The Fifth Circuit considered the dimensions of third-party practice in *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967). Affirming the district court, Judge Hutcheson quoted with ap-

proval its conclusion that Rule 14 is "'strictly limited to situations where the very existence of potential liability in the third party defendant is dependent upon the outcome of the main claim.'" *Id.* at 750. The court amplified this standard, holding "that for impleader to be available the third party defendant must be 'liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff.'" *Id.* at 751 (quoting Holtzoff, *Entry of Additional Parties in a Civil Action*, 31 F.R.D. 101, 106 (1962)). The potential liability of Celotex on a claim by Balboa, derivative of Roofing Specialties, Inc.'s alleged rights against Celotex, is not dependent upon the resolution of the main claim between Kellos and Balboa.

Acordingly, Balboa's motion for leave to implead Celotex as a third-party defendant is DENIED.