IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 80-78

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

        Defendant and Third-Party Plaintiff,

vs.

CINDY J. SOLEM,

        Plaintiff and Appellant,

vs.

HELEN G. BUCKINGHAM,

        Third-Party Defendant and Respondent.

O R D E R

The above-captioned opinion shall be amended to read as follows:

Page 5, lines 9, 10, 11, 12 and 13 from the top shall read:

". . . 1810, mandated that result. But that case held only that impleading parties not sued by the plaintiff, for purposes of contribution, is not proper. This is a subrogation case based on contract, and Osier has no application."

DATED this 3rd day of February, 1981.

FILED

FEB - 3 1981

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Chief Justice

_____

_____

_____

_____
Justices

No. 80-78

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

             Defendant and Third-Party Plaintiff,

    vs.

CINDY J. SOLEM,

             Plaintiff and Appellant,

    vs.

HELEN G. BUCKINGHAM,

             Third-Party Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
              In and for the County of Missoula, Montana
              Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Williams Law Firm, Missoula, Montana

        Berger, Anderson, Sinclair and Murphy, Billings, Montana

    For Respondent:

        Garlington, Lohn and Robinson, Missoula, Montana

---

                          Submitted on briefs: July 11, 1980

                          Decided: JAN 2 8 1981

Filed: JAN 2 8 1981

*Thomas J. Kearney*
_____
                          Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

State Farm Mutual Automobile Insurance Company sued by its insured under an uninsured motorist provision, appeals from an order of the Missoula County District Court dismissing its third-party complaint which sought indemnity from the uninsured motorist for any liability the insurance company might be adjudged to owe the plaintiff. We hold that the District Court erred in not allowing State Farm to implead the third-party defendant.

Cindy J. Solem as plaintiff filed a complaint against State Farm alleging that Solem was a passenger in a car driven by William J. Schultz which collided with a car driven by Helen G. Buckingham, an uninsured motorist. The complaint alleged that the negligence of the uninsured motorist was a proximate cause of the collision and of personal injury to Solem. It further alleged that both Solem and Schultz were insured at the time of the collision under separate policies of insurance with State Farm, each of which provided uninsured motorist coverage in the amount of $25,000/$50,000. Solem has filed suit under the uninsured motorist provisions of both policies and prays for judgment against State Farm in the amount of $50,000 or such lesser amount as a jury might determine.

State Farm filed its answer to the complaint admitting that the collision occurred, but denying the negligence of the uninsured motorist. State Farm's answer raises as affirmative defenses: (1) that the suit against State Farm is premature unless it is first determined that the plaintiff is legally entitled to recover damages from the uninsured motorist, and (2) that the uninsured motorist is an indispensable party under Rule 19, M.R.Civ.P.

State Farm then filed a third-party complaint naming

Helen G. Buckingham as third-party defendant. The third-party complaint recites the fact that Solem has sued State Farm under the uninsured provisions of the policy and then alleges that Buckingham is the uninsured motorist involved in the collision mentioned in Solem's complaint. State Farm then seeks indemnity from Buckingham for "such sums as may be adjudged against it in favor of Cindy J. Solem, and for their costs."

Buckingham moved to dismiss the third-party complaint against her on the grounds it failed to state a claim against her on which relief could be granted. Buckingham and State Farm filed briefs. The District Court originally denied the motion to dismiss, but then reversed itself and dismissed the claim against Buckingham. State Farm moved for reconsideration of the order of dismissal and, after argument, the District Court declined to change its decision. Plaintiff, Solem, has not submitted a brief with this Court in support of or in opposition to State Farm's appeal.

The sole issue before us is whether an insurer, sued by its insured for recovery of uninsured motorist benefits may implead the uninsured motorist under Rule 14(a), M.R.Civ.P.

If plaintiff establishes that Buckingham was negligent and caused the accident resulting in plaintiff's injuries, State Farm then is responsible under uninsured motorist coverage, to pay the amount of the judgment to the extent of the applicable coverage. Upon payment, State Farm would then be subrogated to the rights of plaintiff Solem and may seek to establish that amount from Buckingham. See, Skauge v. Mountain States Tel. & Tel. (1977), 172 Mont. 521, 565 P.2d 628. We hold that State Farm doesn't have to wait until it pays a judgment obtained before it has a right to

bring Buckingham into the lawsuit. Rule 14(a), M.R.Civ.P., expressly grants a defendant the procedural right to bring into the lawsuit as a third-party defendant, anyone who "may be" liable to him. This can be done under the principle of subrogation even if the liability of the third party is contingent and cannot be established until the original defendant has been held liable. 1A Barron and Holtzoff, § 426 at 664-73 (1960); 3 Moore's Federal Practice, § 14.08, at 243-46; Moore's Federal Practice, § 14.10, at 281-88. Also see, Crosby v. Billings Deaconess Hospital (1967), 149 Mont. 314, 426 P.2d 217 (holding that defendant should have been allowed to implead a third party under a theory of indemnity). Under a theory of subrogation to the insured's rights of recovery against the third party, federal courts have regularly permitted the insurer to implead that party as a third-party defendant. See, King v. State Farm Mutual Insurance Co. (W.D. Ark. 1967), 274 F.Supp. 824; St. Paul Fire & Marine Insurance Co. v. United States Lines Co. (2d Cir. 1958), 258 F.2d 374, cert. den. 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574; Concordia College Corp. v. Great American Ins. Co. (D. Minn. 1953), 14 F.R.D. 403; Glen Falls Indemnity Co. v. Atlantic Bldg. Corp. (4th Cir. 1952), 199 F.2d 60.

In King v. State Farm Mutual Insurance Co., supra, the court specifically held that an insurer sued by its insured under an uninsured motorist provision, may bring the uninsured tortfeasor into the lawsuit. The court rejected the argument (which is the same argument Buckingham makes here) that the insurance company has no right of action until it has actually paid the judgment to its insured, and therefore that impleader of the uninsured motorist should not be permitted until payment is made. 274 F.Supp. at 826.

-4-

We also reject this argument.

We are persuaded that the better practice is to permit impleader in such practices, and therefore that the trial court erred in granting Buckingham's motion to dismiss. We find no authority supporting Buckingham's position, and we further note that the trial court granted the motion under the mistaken belief that Consolidated Freightways Corp. v. Osier (1979), ____ Mont. _____, 605 P.2d 1076, 36 St.Rep. 1810, mandated that result. But that case held only that there is no right of contribution or indemnity between joint tortfeasors in pari delecto. 605 P.2d at 1081. Here, State Farm is not a tortfeasor and obviously isn't in pari delicto with Buckingham: Solem's action against State Farm isn't a tort action; rather, it is a contract action.

We hold that State Farm may implead Buckingham under a theory of contingent liability based on subrogation. Liberally allowing impleader of contingently liable parties is consistent with the underlying purposes of Rule 14. The rule is designed to reduce multiplicity of litigation by settling all disputes arising from one occurrence in one suit, to spare an unsuccessful defendant the burden of bearing a judgment against him while he brings suit against someone liable to him for plaintiff's claim, to prevent inconsistent judgments on the same facts, and to settle the ultimate liability for a claim with a minimum of effort and expense. See, C. Wright and A. Miller, 6 Federal Practice and Procedure, § 1442 (1971); See also, Glen Falls Indemnity Co. v. Atlantic Building Corp., supra, 199 F.2d at 63; St. Paul Fire & Marine Insurance v. United States Lines Co., supra. There is no good reason to afford Buckingham the procedural protection of being able to postpone being sued until the action between Solem and State Farm is concluded.

In fact, a contrary holding would not eliminate Buckingham from being at least indirectly involved in the suit between Solem and State Farm. Plaintiff Solem must establish that Buckingham negligently caused any injuries she received and therefore, it is unlikely that Buckingham could avoid an appearance in court to testify.

The order of the District Court dismissing the third-party complaint is vacated. The case is remanded with instructions that the District Court require Buckingham to answer State Farm's third-party complaint.

_____
                    Justice

We Concur:

_____
    Chief Justice

_____

_____
        Justices

This case was submitted prior to January 5, 1981.

Mr. Justice John C. Sheehy, specially concurring:

I agree with the result reached in the foregoing opinion, which is the only proper result in the posture of the case as it is received from the District Court by this Court

What puzzles me is the fact that the insured sued his insurer in the first instance by a direct action to establish liability against the uninsured motorist. I believe all insurance companies writing uninsured motorist coverage in this state use a common form for such coverage, last amended, I believe, in 1966. Under that common form, the insured injured motorist may, after notice to his insurance company, sue the responsible uninsured motorist to determine the extent of the uninsured motorist's legal liability, if they are not otherwise able to agree. Until the legal liability of the uninsured motorist is determined, which in turn determines the liability of the insurer, a direct action against the insurer, in my opinion, is premature.

Suit first against the uninsured motorist would be in conformance with the long-established rule in Montana that a direct action against an insurer does not lie until the liability of the insured has been established, Conley v. U.S.F. & G. Co. (1934), 98 Mont. 31, 37 P.2d 565, Cummings v. Reins (1910), 40 Mont. 599, 107 P. 904, and our further long-standing rule that the injection of insurance into the action determining liability is improper. Vonault v. O'Rourke (1934), 97 Mont. 92, 33 P.2d 535.

If plaintiff here had properly sued Buckingham to determine liability in the first place, the problem of this cause would not have arisen.

John C. Sheehy
Justice

-7-