568 F.Supp. 790 (1983)
MANUFACTURERS BANK AND TRUST COMPANY OF ST. LOUIS, Plaintiff,
v.
TRANSAMERICA INSURANCE COMPANY, Defendant and Third-Party Plaintiff,
v.
Peter L. DEIBEL and Harley Schwering, Third-Party Defendants.
No. 82-0896C(4).
United States District Court, E.D. Missouri, E.D.
March 16, 1983.
*791 Richard B. Scherrer, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for plaintiff.
Bernard A. Reinert, David D. Crane, Leritz & Reinert, P.C., St. Louis, Mo., for Transamerica Ins. Co.
Alan C. Kohn, Robert A. Useted, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for Deibel and Schwering.

MEMORANDUM
HUNGATE, District Judge.
Plaintiff, Manufacturers Bank and Trust Company of St. Louis (the Bank), brings this action against Transamerica Insurance Company (Transamerica) based on a bankers blanket bond (the Bond) in connection with certain loan losses. Transamerica filed third-party claims against two Bank officers, Peter Deibel and Harley Schwering, alleging it is subrogated to any rights the Bank may have against Deibel and Schwering for negligent handling of the loan transactions.
The third-party defendants move to dismiss the first amended third-party complaint. Oral argument was heard on the present motion February 18, 1983, and additional briefs were submitted regarding ripeness of the third-party claims and bifurcation.
The third-party defendants concede that the surety may implead them even though it has not paid on the principal claim because their substantive rights are not affected by Rule 14 of the Federal Rules of Civil Procedure, which permits impleader of parties who are or may be liable for all or part of the principal claim. See, e.g., Glens Falls Indemnity Co. v. Atlantic Building Corp., 199 F.2d 60 (4th Cir.1952); Commercial Credit Development Corp. v. Scottish Inns of America, Inc., 69 F.R.D. 110 (E.D. Tenn.1975).
However, the Bank officers submit that Transamerica is not entitled to any relief against them by right of subrogation as a matter of law. Fed.R.Civ.P. 12(b)(6). They place central reliance on First National Bank of Columbus v. Hansen, 84 Wis.2d 422, 267 N.W.2d 367 (1978), in which the Supreme Court of Wisconsin held that a fidelity insurer could not maintain a subrogation action against bank officers and directors for negligence in connection with their failure to supervise a fellow officer who defrauded the bank. Deibel and Schwering insist Hansen is squarely on point and should be applied to the alleged *792 facts in this case. In rejecting the third-party claim, the Hansen court reasoned:
We think the equitable principles which deny an insurer the right of subrogation against its own insured are also applicable here. In this case the negligence of the Bank in permitting Hansen's wrongful acts to go undiscovered is but the negligence of its officers and directors whose duty is to supervise the operations of the Bank.... [L]ack of ordinary care by the directors and officers of the insured does not give the fidelity insurer, who is paid to assume this risk, an equitable position superior to that of the officers and directors of the Bank. Without a favorable balance of equities, subrogation is improper and the judgment dismissing the third-party complaint with respect to the officers and directors must be affirmed.
Id. 267 N.W.2d at 372. The bond involved in that case was issued to protect against "fraudulent and dishonest acts," id. at 369; however, none of the contractual terms of the bond are set forth in the opinion except as indicated above.
The Bond here provides the standard coverage characteristic of such fidelity insurance. Transamerica, in summary, has agreed to indemnify the Bank against loss arising out of want of honesty, integrity, or fidelity of an employee or other person. See 13 Couch on Insurance 2d (rev. ed.) § 46:2. The loss contemplated is clearly that resulting from willful, intentional, and dishonest conduct; negligence, mistake, carelessness, errors of judgment, inattention to business, or incompetence are not insured. Eglin National Bank v. Home Indemnity Co., 583 F.2d 1281, 1285-87 (5th Cir.1978); New Mexico Savings & Loan Association v. United States Fidelity & Guaranty Co., 454 F.2d 328, 334 (10th Cir.1972); First National Bank v. United States Fidelity & Guaranty Co., 275 Md. 400, 340 A.2d 275, 284 (Md.App.1975).
This is illustrated by the plain terms of the present Bond which of course are controlling in this instance. See, for instance, plaintiff's complaint, exhibit A, section (A), Insuring Agreements, and section (h), Conditions and Limitations.
This Court respectfully declines to follow the holding of the Hansen court under the present record. By denying recourse against third parties responsible for or contributing to a loss which might otherwise have been avoided, the surety is denied the rights of an ordinary subrogee.
Clearly the Bank has a cause of action against the negligent acts of its directors and officers. E.g., Atherton v. Anderson, 99 F.2d 883, 887 (6th Cir.1938). Denying subrogation would confuse the Bank as a corporate entity with its agents. The named insureds in this Bond are the Bank and its affiliated companies (first amended third-party complaint, exhibit A, Bond Rider, dated May 22, 1981; and section 10, Conditions and Limitations), not the officers employed by it.
For these reasons, the Court believes the better view, permitting subrogation, is expressed in Federal Deposit Insurance Corp. v. National Surety Corp., 434 F.Supp. 61, 63 (E.D.N.Y.1977):
... Courts in New York have held that "a surety or liability insurer is subrogated to the rights of the creditor against third parties whose wrongs have compelled the surety or insurance company to make payment." [citations omitted.] This principle is sound, for if an insurance company pays on a bond it should "step into the shoes" of the corporation and should be able to assert claims of the corporation against third parties. To hold otherwise would mean that if the bonds covered the total loss of the corporation, no one would have a cause of action against third parties such as the directors who may have contributed to the loss. The corporation could not sue because it would be fully reimbursed, and the insurance companies could not sue because they would have no standing.
Alternatively, the Bank officers argue there is no claim against them because section (E) of the Insuring Agreements requires the Bank to act in "good faith." *793 Section (E) provides coverage, in pertinent part, for:
Loss resulting directly from the Insured having, in good faith for its own account or for the account of others (1) acquired, sold or delivered, or given value, extended credit or assumed liability, on the faith of, or otherwise, acted upon any original ... (e) Evidence of debt ... which (i) bears a signature of any maker ... which is a forgery.
They contend "negligence" and "reasonable commercial good faith" are synonymous under Missouri law. Therefore, negligent actions imputable to the Bank bar Transamerica's liability and hence any basis for subrogation.
This theory is predicated on a misconstruction of the term "good faith" as used in section (E) which is inconsistent with the plain language of the Bond considered as a whole. This is manifest from all that has been said previously concerning the risks insured. See generally Martin v. Yeoham, 419 S.W.2d 937, 944-45 (Mo.App.1967); see also 13 Couch on Insurance 2d, supra at § 46:51, pp. 54, 55 n. 6.
For all of the foregoing reasons, the motion of third-party defendants to dismiss will be denied. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).
By their supplementary memoranda both the Bank and the Bank officers seek bifurcation. Transamerica opposes such a severance claiming the issues of its defense in the main action are thoroughly intertwined with its claims against Deibel and Schwering. Rule 42(b) of the Federal Rules of Civil Procedure provides, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or third-party claim."
The Court finds that considerations including convenience, clarity, and the avoidance of confusion and prejudice favor separate trials of the respective claims in this proceeding and outweigh the immediate and superficial economies which might be achieved by conduct of a single trial. See Kosters v. The Seven-Up Company, 595 F.2d 347, 356 (6th Cir.1979). The request for bifurcation will be granted.