559 F.Supp. 536 (1983)
COMMUNITY FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,
v.
TRANSAMERICA INSURANCE COMPANY, Defendant and Third-Party Plaintiff,
v.
Donald D. CORNER, Third-Party Defendant.
No. 82-253 C (1).
United States District Court, E.D. Missouri, E.D.
March 25, 1983.
Ziercher, Hocker, Human, Michenfelder, Nations & Jones, Robert C. Jones, Clayton, Mo., for plaintiff.
Leritz & Reinert, Bernard A. Reinert, David D. Crane, Emmett M. O'Brien, St. Louis, Mo., for defendant Transamerica Ins. Co.
Vines, Kreuter & Kruger, Leonard D. Vines, St. Louis, Mo., for defendant Donald D. Corner.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon third-party defendant Donald D. Corner's motion to dismiss the third-party complaint of defendant/third-party plaintiff Transamerica Insurance Company (hereinafter Transamerica).
Transamerica was the insurer of plaintiff Community Federal Savings & Loan Association (hereinafter Community) under a Savings & Loan Blanket Bond and Rider, and Transamerica has brought a third party action against Donald D. Corner, an officer of Community, seeking subrogation for its (potential) loss suffered on said bond. Community seeks recovery on said bond and its complaint alleges that it was defrauded. *537 Community agreed to purchase a ninety per cent (90%) interest in first mortgages which in fact were second mortgages, were subordinate to construction financing, had been pledged to other institutions, and further that proceeds of the purchases were not properly applied to prior debt on the properties pursuant to the agreement. Plaintiff purchased insurance from Transamerica which protected plaintiff against fraud by the "servicing contractors". The servicing contractor allegedly responsible for the fraudulent acts herein was Columbia Pacific Mortgage Company. While plaintiff's complaint sounds in fraud, the basis for Transamerica's third party claim against Corner is negligence "in that he carelessly and negligently purchased in the loans of which plaintiff complains pursuant to the loan participation sale and trust agreement". (Plaintiff's complaint, paragraph 3).
Corner states three grounds for the requested dismissal: (1) payment (loss) on the bond is not alleged by Transamerica, (2) Transamerica's damages are not a stated sum as required by law, (3) ordinary negligence does not state a cause of action in favor of a bonding company against an insured's officer.

Anticipatory Subrogation
Third-party defendant argues that the anticipatory subrogation does not state a claim as Transamerica has not paid out any sum pursuant to plaintiff's demand, and therefore no legal claim can yet be made against the third party. Rule 14(a) of the Federal Rules of Civil Procedure allows the maintenance of a third party action against one who "is or may be liable to him for all or part of plaintiff's claim against him." This indicates that defendant is permitted to join a party against whom a cause of action has not yet accrued, provided his claim is contingent upon the success of plaintiff's claim and will accrue when defendant's liability is determined in the main action where plaintiff's claim is satisfied. Wright & Miller, Volume 6, Federal Practice and Procedure, § 1451 and Williams v. Ford Motor Co., 627 F.2d 158, 160 (8th Cir.1980). The fact that defendant is not yet "out of pocket" is not fatal to his third-party complaint grounded in subrogation. See St. Paul Fire & Marine Ins. Co. v. United States Lines Co., 258 F.2d 374 (2nd Cir.1958), cert. denied 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574.

Uncertain Prayer
Since by their very nature defendant's claims against third-party defendant are contingent upon the success of plaintiff's claim in chief, it would be impossible for third-party plaintiff to state a sum certain prayer. The failure to do so is not fatal to the third-party complaint.

Sufficiency of a Negligence Cause of Action
Corner's final contention is that Transamerica does not state a claim when it alleges ordinary negligence of Community's (its insured) own officer. The analysis upon this point hinges in part on the characterization of Corner as being synonymous in interest with Community itself. From there Corner reasons that since ordinarily an insurer is not entitled to subrogation against its own insured, Cf. 6(a) Appleman Insurance Law & Practice, § 4055, Rev.Ed. (1977) and Lanasse v. Travelers Insurance Co., 450 F.2d 580, (1971) cert. denied 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 120 that Transamerica cannot proceed directly against Community, and, accordingly, that it cannot proceed against an officer thereof. Corner also argues that a negligence claim against him is legally insufficient in face of plaintiff's fraud claim. Defendant and third party plaintiff argues that there are separately cognizable interests between the bank and its officers and cites Federal Deposit Insurance Corp. v. National Surety Corp., 434 F.Supp. 61 (E.D.N.Y.1977) for the proposition that "distinctions in the degree of culpability in conduct by the directors ... do not have an effect on the underwriters subrogation rights against those directors." (Defendant's Memo of Dec. 7, 1982, p. 8).
*538 The rule of subrogation rests on equitable principles and permits an insurer to affix responsibility for a loss on a third party who, in equity and good conscience, ought to pay for his wrongdoing. Travelers Indemnity Co. v. United States of America, 543 F.2d 71, 75 (9th Cir.1976). No contractual relationship need exist between the subrogated party and the third party in order to enforce said rights. Hartford Fire Ins. v. Chicago, Milwaukee and St. Paul Railroad, 175 U.S. 91, 20 S.Ct. 33, 44 L.Ed. 84 (1899). The subrogated firm (Transamerica) stands in the shoes of its insured (Community) and all defenses good against the insured will be good against the subrogee. Royal Indemnity Co. v. Federal Reserve Bank of Cleveland, 38 F.Supp. 621, 623 (S.D.Ohio 1939), aff'd 119 F.2d 778.
Consequently, Transamerica's claims against the officer cannot be maintained without a showing that an independent cause of action vests in Community against its officer. Such a claim can be divined since a bank officer has a duty to exercise ordinary care in the execution of his duties. Briggs v. Spaulding, 141 U.S. 132, 11 S.Ct. 924, 35 L.Ed. 662 (1891); Atherton v. Anderson, 99 F.2d 883 (6th Cir.1938).
The courts of Missouri have found that while not regarded as trustees in a technical sense, officers of a corporation do bear a fiduciary relationship to the corporation and owe such a duty to the corporation and its stockholders, Merrill v. Davis, 359 Mo. 1191, 225 S.W.2d 763 (Mo.1950). But in general, the standard of care required of the officers of the corporation must, in final analysis, depend upon the subject applied in view of all the circumstances. Briggs, supra, 141 U.S. at 132, 11 S.Ct. at 924, 35 L.Ed. 662. See generally Fletcher Encyclopedia of Corporations, § 838, 990 and 1032.
While this Court is unprepared to hold that as a matter of law that a bank officer's negligence is not actionable by a party subrogated to the rights of the bank, Cf. Federal Deposit Insurance Corp., supra, the operation of the rule of subrogation depends, at its foundation, on the balancing of equities. Community has alleged damages resulting from the fraud on the part of Columbia Pacific Mortgage Company, Inc. Such a fraud is allegedly covered by the policy plaintiff purchased from defendant. Defendant cannot expect (as the pleadings now state) that although a fraud may have been committed in the preparation by Columbia of documents describing the status of these mortgages that the sole proximate cause of all the damages was the negligence of one of Community's officers in overseeing the transaction. In ruling that Columbia's fraud should be offset or cancelled by Corner's negligence would not only be inequitable, but would represent bad law. Subrogation will not effectuate such an inequity.
Nevertheless, this Court opines that material evidence, and not the parties' current characterization of each other's level of culpability (negligence v. fraud) is the best method of determining who committed the wrongdoing which precipitated this huge loss, and who is as a result financially responsible. If this Court allows Corner to now be dismissed and discovery indicates that his role in causing the loss is greater than Columbia's, then this Court is faced with imposing further proceedings on all parties in order to finally affix responsibility for the losses suffered herein.
This Court suggests that after thorough discovery, this matter may be suitable for resolution on a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. But at this time third-party defendant's motion to dismiss will be denied.
It Is So Ordered.