[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was originally commenced by the plaintiffs, Sun Care Corp., f/k/a G-WZ Development Group, Inc. (Sun Care) and G-WZ of Stamford, Inc. (G-WZ of Stamford), against the defendant, Long Ridge Nursing Rehabilitation Center, Inc., d/b/a Mediplex of Stamford (Long Ridge Nursing). The underlying action sounds in breach of contract. The issue in the underlying action is whether the plaintiff properly and timely exercised an option to purchase the defendant's interest in a nursing home. The plaintiffs brought an action for declaratory judgment seeking to exercise the option. The defendant asserted a counterclaim to prevent the plaintiffs from exercising that option.
After the defendant asserted its counterclaim, the plaintiffs sought permission of the court to implead the law firm of Levy 
Droney, P. C. and Joseph Vitale, as third party defendants. Permission to implead was granted. The plaintiffs/third party plaintiffs allege that the third party defendants "may be or are liable for all of the defendant's claims against the third-party plaintiffs." The third party plaintiffs allege that if the court finds that they did not exercise their option properly and/or timely, that is the result of the third party defendants' professional negligence or malpractice.
Before this court is the third party defendants' motion (#134) to strike the third party complaint "on the ground that it fails to state a legally cognizable action under General Statutes § 52-102a and Connecticut law." The third party defendants argue that the third party complaint should be stricken since it "fails to set forth contribution or indemnification under General Statutes § 52-102a."
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 10-39. The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief may be granted. See Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 432 (1998); Practice Book § 10-39(a)(1). CT Page 4324
General Statutes § 52-102a (a) provides that "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." See also Practice Book § 10-11. The third party defendants argue that the third party complaint does not state a cause of action for indemnification and, therefore, cannot withstand the motion to strike. Specifically, the third party defendants argue that an indemnification action cannot be brought where the underlying action sounds in breach of contract and the "indemnification" action sounds in professional negligence or malpractice.
However, General Statutes § 52-102a and Practice Book § 10-11, regarding third party practice, are not restricted to purely contract actions or claims. Hence, a third party claim for negligence may be asserted in a counter-action provided it arises out of the same transaction as does the original, underlying claim. American Fidelity Casualty Co. v. GreyhoundCorp. , 232 F.2d 89, 92 (5th Cir.) 1956. Furthermore, this court finds that the third party plaintiff has alleged facts sounding in indemnification.
In their memorandum in support of their motion to strike, the third party defendants cite Parkridae Condominium Association,Inc. v. Parkridge Trust, et al. Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 333748 (Aug. 22, 1991, Hennessey, J.). In that case, the court granted the third party defendants' motion to strike, holding that "[t]hird party plaintiffs may not join their breach of contract action with their indemnification claim." [T]he third party defendant move[d] to strike the third party plaintiffs' breach of contract claim on the ground that such claim may not be joined with a negligence indemnification claim pursuant to Connecticut General Statutes [§] 52-102a.
However, based on the facts in this case, this court finds that the third party plaintiffs' indemniflcation claim for professional negligence against the third party defendants is proper and the motion to strike the third party complaint is denied. The third party plaintiffs allege that if they are found liable for breach of contract in the underlying counterclaim, the third party defendants are or may be liable for said breach of contract due to their professional negligence. In other words, CT Page 4325 the third party defendants would only be subject to liability for professional negligence when and if it is determined that the third party plaintiffs did not properly and/or timely exercise their option.
General Statutes § 52-102a is modeled after Federal Rule 14(a). Rule 14(a) provides, inter alia, that a defendant/third party plaintiff may bring in "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."
"[I]mpleader is available only `when the third party defendant's liability is secondary to, or a derivative of, the original defendants's liability on the original plaintiff's claim.' Faser v. Sears. Roebuck Co., 674 F.2d 856, 860 (11th Cir. 1982). Rule 14 is `strictly limited to situations where thevery existence of potential liability in the third-party defendant is dependent on the outcome of the main claim.' A.J.Kellos Constr, Co., Inc. v. Balboa, 86 F.R.D. 544, 545 (S.D.Ga. 1980) (emphasis added)." Timmons, et al. v. Ford Motor Co.,949 F. Sup. 859, 860-61 (S.D.Ga. 1996).
In the Timmons case, the plaintiffs, four deceased passengers of a Ford Explorer, brought a products liability action against the defendant, Ford Motor Co. The defendant filed a third party complaint against the driver of another automobile which allegedly caused the original accident. In that case, the court granted the plaintiffs' motion to dismiss the third party defendant. The third party defendant could not be held responsible for the alleged design defect. Hence, the alleged negligence of the drive, the third party defendant, was not derivative of the products liability action. Therefore, it could not be found that "the third party defendant's liability was secondary to, or a derivative of, the original defendant's liability of the original action." Id.
In this case, the underlying action is one of breach of contract. The third party plaintiffs allege that if they are found liable for breach of contract in that underlying action, then it is the result of the professional negligence of their attorneys, the third party defendants. Therefore, this third party action is derivative of the breach of contract action. The third party plaintiffs have set forth factual allegations for indemnification. As such, the third party defendants' motion to strike the third party complaint is hereby denied. CT Page 4326
So Ordered.
Dated at Stamford, Connecticut this 27th day of April 1999.
WILLIAM B. LEWIS, J