987 F.2d 730
 Prod.Liab.Rep. (CCH) P 13,442
Linda POLSTON, Plaintiff-Appellant,
v.
BOOMERSHINE PONTIAC-GMC TRUCK, INC., Defendant,
Boomershine Chevrolet, Inc., Defendant,
Boomershine Automobile Co., Defendant,
General Motors Corporation, Defendant-Appellee.
 No. 90-8843.
 United States Court of Appeals,
Eleventh Circuit.
 April 7, 1993.
 
 Irwin Ellerin, Ellerin & Associates, Atlanta, GA, for plaintiff-appellant.
 Lanny B. Bridgers, Chilton D. Varner, Sandra Elizabeth Strippoli, King & Spalding, Atlanta, GA, for defendant-appellee.
 Product Liability Advisory Counsel, Inc., Detroit, MI, for amicus.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before FAY and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Previously, we certified to the Supreme Court of Georgia the question: "What is the burden of proof on each party in a crashworthiness or enhanced injury case under Georgia law?" Polston v. Boomershine Pontiac-GMC Truck, Inc., 952 F.2d 1304 (11th Cir.1992). The Supreme Court of Georgia has responded, and in accordance with their answer we now reverse the district court's directed verdict in this case.
 
 
 2
 Linda Polston sued General Motors Corporation and others for injuries she sustained when an Oldsmobile Delta 88 collided head-on with her Pontiac Sunbird.[1] She alleged that GMC defectively designed her automobile and as a result she suffered injuries greater than what would have been experienced had her car been properly designed. At the close of Polston's case, the court found that Polston had proved neither the existence nor the extent of enhanced injuries attributable to GMC. The court held that "the law of Georgia places the burden of proof upon the plaintiff to establish that the defendant was the sole cause of the enhanced injury" and granted defendant GMC's motion for a directed verdict.
 
 
 3
 On appeal, Polston argues that the district court erred in imposing upon her the burden of proving both the existence and the extent of enhanced injuries attributable to GMC. Defendant GMC counters that the nature of a "crashworthiness" case requires that the plaintiff make a particularized showing of enhanced injury attributable to a design defect.
 
 
 4
 In our previous opinion in this case, we held that our precedent in Higginbotham v. Ford Motor Co., 540 F.2d 762 (5th Cir.1976),[2] was not dispositive on the issue of which party has the burden of apportionment under Georgia law. See Polston, 952 F.2d at 1307. We then concluded that Polston had presented evidence of the existence of enhanced injury sufficient to withstand a motion for directed verdict, but that she had not presented sufficient evidence of the extent of enhanced injury attributable to GMC. Id. at 1308-09.
 
 
 5
 The disposition of Polston's appeal, therefore, depends on whether she has the burden of apportioning damages. This is a question of first impression in Georgia involving issues of public policy appropriately answered by the Supreme Court of Georgia. Therefore, we certified the following question to that court:
 
 
 6
 Under Georgia law, in a crashworthiness or enhanced injury case, does the plaintiff bear the burden of specifically apportioning damages between the striking driver and the manufacturer or does the burden of apportionment fall on the defendants? In other words, what is the burden of proof on each party in a crashworthiness or enhanced injury case under Georgia law?
 
 
 7
 Polston, 952 F.2d at 1310.
 
 
 8
 The Supreme Court of Georgia replied,
 
 
 9
 In an enhanced injury or crashworthiness case, Georgia law places on the plaintiff the burden of proving that a design defect was a substantial factor in producing damages over and above those which were probably caused as a result of the original impact or collision. To the extent that the injuries suffered by the plaintiff are indivisible, the defendants are treated as joint tortfeasors. Once the plaintiff's burden has been borne, the burden of proof shifts to the defendant which wishes to limit its liability to demonstrate a rational basis for apportioning the liability for the injuries.
 
 
 10
 Polston v. Boomershine Pontiac-GMC Truck, Inc., 262 Ga. 616, 423 S.E.2d 659 (1992).
 
 
 11
 We have already held that Linda Polston has presented evidence of the existence of enhanced injuries sufficient to withstand a motion for directed verdict. As the Supreme Court of Georgia has now indicated, defendant GMC bears the burden of demonstrating a rational basis for apportioning the liability for Polston's injuries. Accordingly, we reverse the district court's directed verdict for GMC, and we remand for a new trial.
 
 
 12
 REVERSED and REMANDED.
 
 
 13
 The relevant facts are set out in greater detail in our earlier opinion, Polston v. Boomershine Pontiac-GMC Truck, Inc., 952 F.2d 1304 (11th Cir.1992).
 
 
 
 [2]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc ), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981